BOYNTON v. ASHABRANNER.

Opinion delivered May 27, 1905.

| | |
|---|---|
| 75 | 415 |
| e76 | 402 |
| 76 | 403 |

| | |
|---|---|
| 75 | 415 |
| 78 | 13 |
| 81 | 261 |
| 81 | 262 |
| f81 | 304 |

| | |
|---|---|
| 75 | 415 |
| 83 | 158 |
| 84 | 209 |
| 84 | 217 |

| | |
|---|---|
| 75 | 415 |
| f86 | 596 |

| | |
|---|---|
| 75 | 415 |
| 89 | 80 |
| 90 | 171 |
| f90 | 263 |

1. PUBLIC LANDS—COLLATERAL ATTACK ON STATE'S DEED.—A conveyance from the State may be attacked in equity for fraud or mistake or other equitable ground showing that the State had onny a naked legal title, and not the substantial title, when she conveyed. (Page 418.)

2. SAME—CONFLICTING DEEDS—PRESUMPTION.—Upon proof that the State has executed two conveyances of the same tract of swamp land at different times to two persons, the presumption is in favor of the validity of the conveyance that is senior in point of time, and this presumption is not rebutted by proof merely that the junior conveyance recites that it was executed pursuant to a certificate of purchase issued prior to the date of the senior conveyance, which was not produced in evidence, as it will be presumed that the grantee in the senior conveyance surrendered a certificate of purchase that was prior to that on which the junior conveyance was based. (Page 418.)

3. CONSENT DECREE—ENTRY IN VACATION.—A decree which shows on its face that it was rendered by consent in vacation is a nullity. (Page 420.)

4. SAME—VALIDITY.—A consent decree which was void because rendered in vacation was not cured by a subsequent order, entered in term time, purporting to correct an error in the description of one of the parties. (Page 421.)

5. LIMITATION—ADVERSE POSSESSION.—The exercise of fitful and disconnected acts of ownership, such as cutting timber and fire wood, do not evidence the continuity of possession and the hostile and notorious holding which was necessary to create title by adverse possession. (Page 421.)

6. EVIDENCE—TRANSCRIPT FROM LAND OFFICE.—A certified transcript of the record of the Commissioner of State Lands is admissible to show that the State deeded certain land to a person named only after a proper foundation has been laid for the introduction of secondary evidence. (Page 423.)

7. APPEAL—AFFIRMANCE—CASE NOT FULLY DEVELOPED.—A case will not be affirmed on appeal for insufficiency of the evidence, if it appears that the case was not fully developed on account of an error of the court or mistake of the party, when the interests of justice require the whole case to be more fully developed. (Page 423.)

8. JUDGMENT—JURISDICTION TO CANCEL.—Cancellation of a judgment or decree on account of fraud may be granted by the court which rendered it or by a court of equity. (Page 425.) .

9. SAME—CANCELLATION. FOR FRAUD.—The fraud on account of which a judgment will be canceled must consist in the procurement of the judgment, and not merely in the original cause of action upon which the judgment is based. (Page 426.)

10. SAME.—In order to cancel a decree confirming a tax sale on the ground of fraud, it is not sufficient to show that the court reached its conclusion upon false or incompetent evidence or without any evidence at all; it must be shown that the petitioner or his attorney practiced some fraud or imposition upon the court in procuring the decree before it can be set aside. (Page 426.)

11. DECREE CONFIRMING TAX SALE—VALIDITY.—A decree of confirmation is not void on its face because it recites that the lands were sold for taxes on a day not authorized by law. (Page 427.)

Appeal from Mississippi Chancery Court, Chickasawba District.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

*Driver & Harrison,* for appellants.

The decree of confirmation cannot be attacked collaterally. 49 Ark. 400; 50 Ark. 188; 55 Ark. 37, 398; 22 Ark. 118; 20 Or., 96; 6 Ia. 180; Kirby's Dig. § 673; 1 Freem. Judg. § 673; 57 Ark. 628; 62 Ark. 421; 66 Ark. 1; 68 Ark. 211. Appellants' title under the tax deed is valid. 32 Ark. 496; 58 Ark. 213; 42 Ark. 100; 56 Ark. 93; 69 Ark. 576. The owner of a legal title is presumed

to be in possession.    38 Ark. 277; 45 Ark. 81; 65 Ark. 422; 67 Ark. 411.    Appellee was never in possession of the land.    57 Ark. 97; 68 Ark. 551; 49 Ark. 266; 50 Ark. 141; 54 Ark. 537.    The purported decree in the case of Fowlkes *et al. v.* Citizens Bank is void.    71 Ark. 226; 4 Enc. Pl. & Pr. 345; Black, Judg. § 174; 40 Cal. 183; 4 Col. 109; 58 Ga. 114; 11 W. Va. 673; 37 Tex. Cr. Rep. 539; 57 Ark. 49; 64 Minn. 531; 22 Utah, 65; 29 W. Va. 385.    This defense can be raised at any time.    48 Ark. 151; 14 Ark. 286; 13 Ark. 242.

*W. J. Lamb* and *J. T. Coston,* for appellee.

Appellants' tax title was invalid.    34 Fed. 705; 68 Ark. 248; 61 Ark. 36; 65 Ark. 596; Kirby's Dig. § 7086; 86 S. W. 126.    A direct attack is made upon the decree of confirmation (56 Ark. 79), which was void because appellant failed to pay taxes.    Kirby's Dig. § 665; 22 Ill. 619; 110 Ill. 418; 40 N. E. 449, 453.    The question of jurisdiction can be raised at any time.    139 U. S. 147; Van Fleet, Col. Att. 4; Kirby's Dig. § 4431; 112 Ind. 221; 16 La. 82.    The court had no jurisdiction, and the decree of confirmation is void.    42 Ark. 344; 68 Ark. 214; 61 Ark. 51; 97 U. S. 444; 91 U. S. 508; 192 U. S. 128; 60 Fed. 224; 28 S. W. 964; Mansf. Dig. § 5764; 24 Ark. 521; 34 How. Pr. 197.    Appellee was entitled to personal service.    34 Md. 381; 33 Miss. 664; 20 Cal. 94; 79 Cal. 463; 44 Cent. Dig. 2731.    The act of 1862 was never repealed. Black, Inter. Laws, 112; 40 Ark. 452; 45 Ark. 391; 60 Ark. 129; 69 Ark. 517; 31 Ark. 344; 24 Ark. 521; 62 Ark. 194.    The decree of Fowlkes *et al. v.* Citizens' Bank is valid.    119 Ill. 9; 85 Ia. 328; 130 Ind. 328; 118 Ind. 320; 35 Ill. App. 283; Van Fleet, Coll. Att. 927.    Boynton was not an innocent purchaser.    Kirby's Dig. § 4478; 120 Fed. 823; 142 U. S. 437.    Evidence of Cross' patent is incomplete.    47 Ark. 300; 57 Ark. 158.    No patent was issued to Cross.    21 Ark. 17; 27 Ark. 95; 24 Ark. 389; 40 Ark. 274; 120 U. S. 554.

HILL, C. J.    The land in controversy is the east half of the southeast quarter of section 26 in township 15 north and range 8 east, being situated in Mississippi County.    The appellants deraign title as follows: the Swamp Land Grant to the State of Arkansas; the State deeded it to D. C. Cross December 4, 1866;

the Citizens' Bank of Louisiana obtained a judgment in the Federal Court against D. C. Cross, and this land was sold under execution, ~~d purchased by the said bank, to whom it was conveyed by the marshal; the said bank conveyed to W. L. Culbertson; Culbertson and wife conveyed to C. O. Boynton; the widow and heirs at law of D. C. Cross conveyed to C. O. Boynton; the appellants are heirs at law of C. O. Boynton. The appellants also claim under a tax deed and a decree confirming the tax title. The tax title and decree are both attacked, but the view the court takes of the case renders a discussion of those issues unnecessary.

The appellee claims to be the owner under a deed from the State executed December 7, 1889; the State's title being based on forfeitures for taxes in the years 1869 and 1870. The forfeitures for these years are shown to be void, and this title is not insisted upon by appellee, other than as giving color of title. The appellee attacks the State's deed to Cross and the title of the Citizens' Bank and of Culbertson derived therefrom, and sets up title in himself by adverse possession and by seven years payments of taxes under color of title in virtue of the act of 1899.

These issues will be presented and decided in the order mentioned.

1. The evidence of the conveyance by the State to Cross is a transcript of the record of the Commissioner of State Lands showing that the State deeded this land to D. C. Cross on December 4, 1866, and it is certified by the Commissioner that the transcript is a true and correct copy of the record of that office, in so far as it relates to this land. This certificate falls within section 3064 of Kirby's Digest, making such transcripts from the record evidence of the facts therein stated. It is objected that the original patent was not produced or accounted for, and that this evidence is secondary. The court said, through Chief Justice Cockrill, referring to this statute: "The statute makes a certified copy of such records of equal dignity as evidence as the originals." *Dawson* v. *Parham,* 55 Ark. 286.

The State issued a subsequent deed to this land to Jeptha Fowlkes, on the 3d of April, 1867. This deed recites that the land agent granted a patent certificate to said Fowlkes on the 7th of June, 1855, and, it appearing that the purchase money was fully

paid, the conveyance was made by the Auditor. The appellee does not deraign title under this deed, but introduces it seeking to avoid the Cross deed of prior date. It is well settled that a State deed may be attacked in equity for fraud or mistake or other equitable grounds showing that the State had only a naked legal title, and not the real title, when it conveyed. *Coleman* v. *Hill,* 44 Ark. 452; *Chowning* v. *Stanfield,* 49 Ark. 87.

The Court of Appeals of this Federal circuit in *Boynton* v. *Haggart,* 120 Fed. Rep. 819, took a different view of the effect of the issuance of the State's deed, holding it was impervious to collateral attack. But, following the decisions of this court on this subject, the result is the same, because the appellee has not proved that Fowlkes' purchase was prior to Cross', nor negatived a valid transfer of the original certificate to Cross. The following excerpt from *Dawson* v. *Parham,* 55 Ark. 286, reading Brinkley into Cross and appellant into Fowlkes, fits this case exactly:

"The patent to Brinkley was issued in pursuance of the authority granted by the swamp land acts. It is recited that the land agent had previously issued his patent certificate to Brinkley, by virtue of the act of January 20, 1885, as the original purchaser of said land. These recitals show the authority upon which the government assumed to act in issuing the patent. There is a presumption, therefore, that they are true. We must take it then that Brinkley was the original purchaser, until the contrary is proved. The reason for that presumption is made more apparent by a consideration of the act of January 20, 1855, under which the certificate was issued. One of the objects of the act was to afford the swamp land agents the opportunity to adjust conflicting entries. *Hempstead* v. *Underhill,* 20 Ark. 337. To that end provision was made to the effect that a certificate previously issued by the swamp land commissioners should be presented for examination to the officers then known as the swamp land agents of the proper district. If the holder was ascertained to be the original purchaser, he received from the agent what the act terms a 'patent certificate.' The deed affords evidence, as we have seen, of the fact that Brinkley was the holder of such a certificate, issued in pursuance of this act; and, as the officer

who issued that certificate is presumed to have acted in conformity to law in issuing it (*Rice* v. *Harrell,* 24 Ark. 402), we must presume that Brinkley surrendered a valid certificate of purchase upon the issue of the patent certificate. In order for the appellants to show a prior right, and a consequent superior equity, it was incumbent upon them to establish that their certificate of purchase was issued prior to that which Brinkley surrendered. *Holland* v. *Moon,* 39 Ark. 120."

In that case the court further said that it was not necessary to rely upon these presumptions, but in this case the presumption necessarily arises from evidence of the prior deed from the State that upon its issuance Cross surrendered a certificate prior to that of Fowlkes, or a valid assignment of the same certificate, and shifts the burden upon those attacking it to overcome these presumptions in its favor. It is of no consequence that the State deed is not present, because it is presumed to contain all recitals required by law.

2. The title of the Citizens' Bank, through which appellants deraign title, is attacked.

It was shown that a consent decree was spread upon the records of the Mississippi Chancery Court in a case entitled Jeptha Fowlkes and Sarah W. Fowlkes, executrix of the last will and testament of Jeptha Fowlkes, deceased, and others, against the Citizens' Bank of New Orleans in Louisiana. It recites the appearance of the respective parties, and consent to the decree and findings from the evidence by the court, the purport of which was to divest the title of the bank acquired under its judgment against Cross and purchase at execution sale thereunder, and invest it in the plaintiffs, the Fowlkes. The said decree "appears upon the record of proceedings of the chancery court to have been rendered after the adjournment of the May term and the beginning of the fall term thereof, and the record fails to show that an adjourned term of the court was held at which the same might have been rendered. It appears upon the record between the adjourning order of the May term and the opening order of the fall term of said chancery court." This decree was an absolute nullity, without even as much basis as the decree in *Biffle* v. *Jackson,* 71 Ark. 226.

In that case a decree was entered in vacation in a space reserved for it, and it was certified by the judge that the case was taken under advisement during the term, and agreed by all parties for the decree to be entered then for a term time order. The court held it a nullity.

The appellee seeks to take it out of the rule of *Biffle v. Jackson* by showing that at the ensuing fall term the following entry appears:

"Now on this day comes the complainants, by their solicitor, and in open court and in the presence of, and by the consent of, the counsel for said defendants, amend the final decree heretofore rendered in this cause, so as to make the said decree against the Citizens' Bank of Louisiana, in place of the Citizens' Bank of New Orleans in Louisiana, which final decree is of record on page 451 in chancery record."

This entry can do no more than it purported to do, which was to correct a misdescription in the corporate name of the defendant in the suit. With it corrected, the void decree is equally void in its correct description as in its incorrect description. Counsel argue that the entry is just as binding as if it read: "It is ordered, considered and decreed that the decree heretofore entered on page 451 be and is hereby made and adopted as the decree of this court." But the entry is far from pretending to such effect. Doubtless, counsel in that case thought that the entry in vacation was valid, and procured the correction of a slight error in description, and nothing more can be imported into the decree than the actual order itself imports into it.

3. It is insisted that, even if this decree was valid, Culbertson and Boynton were innocent purchasers, and the decree passing title, not being recorded in the recorder's office within one year, was not effective against them. Kirby's Dig. § 4478. As the court holds the title of appellant is valid, it is unnecessary to consider this question. An interesting discussion of it may be found by the Court of Appeals in *Boynton v. Haggart*, 120 Federal Rep. 823.

4. Appellee's evidence of actual possession is insufficient to create title under seven years' statute of adverse possession.

The payment of taxes, the claim of ownership, and the exercise of fitful and disconnected acts of possession are insufficient to create title by adverse possession. The cutting of timber and fire wood from this place did not evidence the continuity of possession and hostile and notorious holding which are necessary to give title. *Ringo* v. *Woodruff,* 43 Ark. 486; *Scott* v. *Mills,* 49 Ark. 266; *Brown* v. *Bocquin,* 57 Ark. 97; *Driver* v. *Martin,* 68 Ark. 551.

5. Appellee testified that he paid the taxes every year from the time he got his colorable title in 1889 till 1902, and said he would attach all the tax receipts he could find. He attached tax receipts for every year claimed except for the taxes of 1898. That year he fails to produce, and appellants produce a tax receipt for that year. Appellee argues that the payment could be proved by other testimony than the tax receipt, but a general statement of payment for twelve years is insufficient to overcome the evidence of the tax receipt produced by the other party. Part of the receipts produced were for the west half southeast quarter of section 26, instead of the east half southeast quarter, and appellee says this was a mistake, as he did not own the west half, and it should have been the east half. This evidence is insufficient to give title under the act of 1899 (Kirby's Digest, § 5057), as construed in *Towson* v. *Denson,* 74 Ark. 302.

The judgment is reversed, and the cause remanded with directions to enter a decree in favor of the appellants.

### ON REHEARING.

Opinion delivered July 29, 1905.

*W. J. Driver* and *E. F. Brown,* for appellants.

*J. T. Coston* and *N. F. Lamb,* for appellee.

HILL, C. J. This case was decided at this term, and is yet within control of the court, and the court has concluded that it erred in its ruling on a question of evidence, and of its own motion has decided to recall the mandate and insert this addi-

tional opinion therein for the guidance of the chancery court, and to modify the decree heretofore entered so as to remand for further proceedings, instead of remanding with peremptory directions to enter judgment for appellant.

The appellant, to prove his chain of title, offered a duly certified transcript from the land office showing the record of the issuance of a patent to Cross. The appellee objected to its introduction on the ground that it was not the best evidence, the loss of the original not having been proved. The court overruled this objection, and the appellee duly excepted to the ruling. The court decided the case in favor of the appellee, Ashabranner, upon a totally different proposition. Upon the hearing in this court appellee insisted that its exception was well taken, and appellant's title not properly proved, and on the whole record the case ought to be affirmed, even if the court did not sustain his other contentions. The court held that the transcript was original evidence, and properly admitted. Two other cases have come here where the same point has been fully discussed, and the court has concluded that it erred in this case in holding the certified copy of the transcript to be original evidence and sufficient to prove the transfer, without laying proper foundation for its introduction as secondary evidence. The question is fully discussed in *Carpenter* v. *Dressler*, 76 Ark.——, and the opinion therein will be made a part hereof in the mandate.

It does not follow, from this change of the opinion of the court on this question, that the case should be affirmed. The chancellor held the evidence competent, and based his adverse decision on other grounds, and thereby did not give the appellant an opportunity to render this evidence competent by laying the proper foundation then, or suffering a nonsuit and bringing his action anew, wherein he could have his evidence in proper shape to be admissible. The practice contemplates that exceptions to depositions and documentary evidence be determined before final submission. See sections 2743, 3190, Kirby's Digest. This enables a party to nonsuit when he has mistaken the competency of his evidence and otherwise protect his rights. It would be manifestly unjust and contrary to the better practice to permit a defeat in an appellate court on an exception to evidence ruled in favor of

the appellant, thereby throwing him off his guard and preventing him from properly protecting his rights when the decision against him is on totally different grounds. Such a case is not one for the application of the rule to affirm when on the whole record the judgment is right, although wrong reasons are given for it, but rather is a case calling for a remand for further proceedings wherein it is shown that the case is not fully devel- party as to his remedy when the interests of justice require the whole case to be more fully developed.

The judgment is modified to the extent that the cause is reversed and remanded for further proceedings not inconsistent herewith.

Supplemental opinion delivered November 11, 1905.

McCULLOCH, J. This case was decided by the court, and an opinion by the Chief Justice delivered on May 27, 1905, re- versing and remanding it with directions to the chancery court to enter a decree in favor of appellants for the lands in con- troversy. One of the controlling points in that decision was the admissibility of a transcript of the record of the Commissioner of State Lands as primary evidence of the issuance of a patent, and the views then expressed holding the same to be admissible resulted in a decision that appellants had sufficiently proved their title. We declined at that time to pass upon the validity of appel- lant's tax title and decree of confirmation, for the reason, as expressed by the Chief Justice in the opinion, that the view taken of the case by the court rendered a discussion of these issues unnecessary. Subsequently, the ruling of the court was changed as to the admissibility of the transcript as primary evidence of the issuance of the patent, and the mandate was recalled and amended, reversing the cause for further proceedings, so that appellants could have an opportunity either to take a nonsuit or to complete the proof of issuance of the patent. In thus chang- ing the ruling upon the admissibility of this evidence, we failed to take account of the change it worked in the materiality of the question of the validity of appellants' confirmed tax title. Counsel for both sides now unite in a motion that we con-

sider and decide that question; and if it be held that appellants' tax title or the confirmation thereof was valid, it will result in a direction to the lower court to enter a decree in their favor for the lands in controversy.

In addition to the original title, which is set forth and discussed in the former opinion, appellants claimed title to the lands under a sale made on June 12, 1884, by the collector for taxes of 1882 and 1883, and also alleged that said sale had been duly confirmed by decree of the chancery court of Mississippi County. It is not claimed that the tax sale conferred a valid title, but appellants introduced a certified copy of the decree of confirmation, reciting all the facts essential to a valid decree. The defendant made his answer a cross-complaint, attacking the validity of the confirmation on the alleged ground that it was procured by appellants by fraud and deception practiced upon the court rendering it. In support of this allegation, the defendant testified that he had paid the taxes on said lands for three years and longer immediately prior to the rendition of the confirmation decree, and he filed with his deposition the tax receipts for those years. The confirmation decree which was rendered at the January term, 1898, recited that the petitioner therein presented to the court his tax receipts showing payment of taxes for three years next preceding. Upon this testimony the chancellor found that said decree purporting to confirm the title of plaintiffs' ancestor to said lands was procured by "fraud and deception practiced upon the court by the petitioner therein, inasmuch as petitioner had paid no taxes on the land for three years immediately preceding the application for confirmation thereof," and canceled said confirmation decree. Does the evidence in this record warrant that conclusion of the chancellor?

It is settled that a judgment or decree of court may be canceled on account of fraud practiced upon the court in the procurement thereof.

The relief may be granted by the court which rendered the judgment or decree (Kirby's Digest, § 4431; *Chambliss* v. *Reppy,* 54 Ark. 539), or by a court of equity. *State* v. *Hill,* 50 Ark. 458; *Scott* v. *Penn,* 68 Ark. 492; *James* v. *Gibson,* 73 Ark. 440; *Womack* v. *Womack,* 73 Ark. 281.

But the fraud must be in the procurement of the judgment, and not merely in the original cause of action upon which it was based. *Scott* v. *Penn, supra; James* v. *Gibson, supra.*

The court had the power to set aside the confirmation on proper showing that it was procured by fraud, but we do not think the proof adduced was sufficient to warrant it in this case. The defendant testified that he had paid the taxes for the three years preceding the confirmation, and exhibited his tax receipts, and it follows from that testimony that the petitioner for confirmation could not have paid the taxes for those years. But the confirmation decree recites the exhibition by the petitioner of tax receipts, and the court necessarily found before entering the decree that petitioner had paid the taxes. It is not sufficient to show now that that finding was erroneous because, in the absence of fraud, that finding is conclusive, and another trial of the question cannot be permitted. The court may have reached its conclusion upon false or incompetent testimony as to payment of taxes, yet that would not constitute grounds for reopening the question and trying it anew. In other words, it must be shown that some fraud or imposition was practiced by the petitioner or his attorney upon the court in procuring the decree, before it can be set aside. For instance, if it were affirmatively shown that the petitioner or his attorney falsely represented to the court that he had filed true copies of the tax receipts for those years with his petition and exhibited in open court the original receipts, when in fact he had no such receipts, and had not paid the taxes for those years, and by those means induced the chancellor to pronounce the decree of confirmation, then that would constitute such a fraud in the procurement of the decree as would warrant a cancellation of it. Mere proof, however, that the taxes were paid by the defendant is not sufficient, in the absence of an affirmative showing of fraud practiced on the court. It is the payment of taxes, and not the exhibition of tax receipts, which confers jurisdiction upon the court to confirm the tax title of the petitioner, and a finding by the court in that proceeding of that jurisdictional fact is final and conclusive until the contrary be shown, and fraud be shown to have been practiced upon the court including that finding. Any other view of the law would permit the retrial of the question whenever either party sees fit

to tender the issue anew, and the final adjudications of the courts of competent jurisdiction would rest upon a slender thread.

It is also urged that the decree of confirmation is void on its face because it recites that the lands were sold for taxes on a day not authorized by law. The decree cuts off all inquiry as to the regularity and validity of the sale, and it matters not that it was a sale which appears to have been unauthorized by law. The theory rests upon the proposition that the owner of the land has in the confirmation proceedings had his day in court to contest the validity of the sale, and is barred from thereafter asserting its invalidity on any ground. The effect of the decree is not to confer title to the land, but merely to declare the sale thereof valid. ·

It follows that the chancellor erred in setting aside the confirmation decree on the proof adduced, and his ruling on that question is disapproved and reversed. Inasmuch, however, as we have already reversed and remanded the cause for further proceedings, so that both parties may take further proof, if desired, we will adhere to that direction, so that additional proof may also be taken upon the question herein discussed.

The petition for modification is therefore denied, and the clerk will certify down this additional opinion for the guidance of the court in its further proceedings in the cause.