### GREER v. VAUGHAN.

### Opinion delivered April 2, 1917.

1. QUIETING TITLE—EVIDENCE—PLAINTIFF'S TITLE.—The plaintiff can prevail, in an action to quiet title, only on the strength of his own title, and not on the weakness of the defendant's title.
2. ADVERSE POSSESSION—SUFFICIENCY OF THE EVIDENCE.—The evidence held sufficient to establish that plaintiff's predecessor obtained title to certain land by adverse possession.
3. ADVERSE POSSESSION—PROOF.—Proof of intermittent possession of land for seven years, held, under the evidence, insufficient to give title by adverse possession.

Appeal from Prairie Chancery Court, Northern District; *John M. Elliott,* Chancellor; reversed.

*W. A. Leach,* for appellant.

1. Appellant has established his title by actual adverse possession. The land was fenced and actually occupied for the statutory period. 1 Cyc. 1146, 1153, 1137-8; 38 Ark. 181; 34 *Id.* 534, 547; 2 Corp. Jur. 256.

2. Appellee did not acquire title by adverse possession. 68 Ark. 551; 40 *Id.* 366. He is only entitled to a refund of his taxes paid.

*Emmet Vaughan,* for appellee.

1. The evidence fairly preponderates in favor of appellee. He held adverse possession and paid all the

taxes from 1899 to 1914. He had no notice of any adverse claim. The possession of appellant was not adverse. 83 Ark. 74; 80 *Id.* 444; 100 *Id.* 555; 59 *Id.* 626; 77 *Id.* 201; 111 *Id.* 604; 1 Cyc. 1038, and cases cited. No color of title is shown in Greer—the only muniment is possession. Possession alone never ripens into title. Claim of title is necessary. 187 S. W. (Tex.) 1078.

2. To establish title by adverse possession one must show open, notorious, continuous, exclusive, uninterrupted and adverse possession for the statutory period. 177 S. W. 865. The issues are principally of fact, and the findings of the chancellor are sustained by the evidence.

McCULLOCH, C. J. This is an action instituted by appellant to quiet title to a tract of land containing fourteen and two-thirds acres in the southeast corner of the northwest quarter of the southeast quarter of section 14, township 4 north, range 5 west, in Prairie County, of which he is in possession, and is more particularly described as follows:

"Beginning at the southeast corner of the said northwest quarter of the southeast quarter of said section 14 and run thence north 836 feet to Beine creek; thence up Beine creek to a point 844 west of said east line; thence south to quarter section line running east and west between the northwest quarter of the southeast quarter and the southwest quarter of the southeast of said section 14, and thence east to point of beginning, containing fourteen and two-thirds acres more or less."

Two other small tracts adjoining the one described above were embraced in the complaint, but appellee in his answer disclaimed any assertion of title or right thereto, and those two tracts were thus eliminated from the controversy. Appellee claimed title to the aforedescribed tract, and presented a cross-complaint, asking that his title be quieted and that possession be awarded to him. On the final hearing the chancery court dismissed the complaint of appellant as to this tract of

land and granted the prayer of appellee's cross-complaint. Neither of the parties set up any claim of title except by adverse possession, but both attempt to establish title in that way.

Appellant asserts title under deed from the heirs of Wm. M. Warner, who died in possession of the land, prior to the year 1890, the precise date not being disclosed in the record. Warner occupied three small contiguous tracts of land aggregating twenty-eight acres, including the tract involved in this controversy. One of the tracts contained seven and one-third acres in the southwest corner of the northeast quarter of the southeast quarter of section 14; and the other tract contained six acres in the northwest corner of the southeast quarter of the southeast quarter of said section 14. The land was under fence and in cultivation, and Warner occupied the land, claiming it as his own, up to the time of his death, and after his death his heirs remained in actual occupancy under claim of ownership by inheritance until they removed from the place in the year 1890. From that time until the Warner heirs conveyed to appellant in the year 1911 the land was looked after for them by agents who resided at Des Arc. There is no attempt on the part of appellant to deraign title back of the occupancy of Wm. M. Warner, but, as before stated, the sole attempt was to establish title by Warner's adverse possession for more than seven years.

On October 30, 1899, A. L. Erwin executed to appellee a deed conveying land under the following description: "All that part of the following described tract of land which lies north of Beine creek, towit: Commencing 418 feet north of the southeast corner of the northwest quarter of the southeast quarter of section 14, township 4 north, range 5 west; thence run north 602 feet, thence west 724 feet; thence south 602 feet; thence east 724 feet to place of beginning. All that part of above description which lies north of Beine creek is hereby conveyed, which contains six acres more or less."

Appellee testified that at the time of said conveyance he owned all of the northwest quarter of the southeast quarter of section 14 north, of Beine creek, and believing that Erwin conveyed to him all of that subdivision lying south of Beine creek, he took possession of the land in controversy which lies south of said creek, and proceeded to inclose and occupy the same. He claims title by adverse possession for more than seven years.

(1-2) The first question presented is whether or not appellant has established his title, as asserted, by actual adverse possession on the part of Wm. L. Warner, the father of his grantors, for it is a principle too well settled for further controversy that plaintiff must gain relief, if at all, in suits of this character on the strength of his own title, and not on the weakness of the title of his adversary. We are convinced, however, that appellant has fully established his title by showing that Wm. L. Warner was in actual occupancy of the land in controversy for more than twenty years, claiming to be the owner thereof, and that he died while holding such possession. While there is a little conflict in the testimony as to the extent of Warner's possession, there is scarcely any room for substantial controversy that he did in fact occupy the whole of the tract and held it within the boundaries of the fences which he erected. One of the witnesses. the credibility of whose testimony is unchallenged, states that Wm. L. Warner occupied this land and cultivated it as far back as 1878. Warner's house was situated on the tract in the northeast quarter of the southeast quarter of section 14, but the cleared land included the tract in controversy. The testimony of appellee himself shows that shortly after he received a deed from Erwin and looked at the land he found the old fences, or some of them, which inclosed this land.

(3) It being conclusively established that Warner acquired title by adverse possession, the next question presented is whether or not that title was wrested from

the Warner heirs by adverse possession on the part of appellee, who attempts to prove that he took actual possession of the land in the summer of the year 1900, and occupied the whole tract continuously until the year 1913 or the year 1914. Appellee stated emphatically in his testimony that he took possession of every foot of the land immediately after his purchase on October 30, 1899, and that he continued to occupy it until appellant entered upon the land as above stated, but a careful examination of his testimony as set forth in the record shows that he was not in a position to testify emphatically concerning the actual occupancy of the land. He states that he was engaged in his official duties as circuit clerk from the date of his deed up to 1904, and saw very little of the land himself, but left it to others to look after for the reason that it was of very little value. Appellee's deed from Erwin did not in fact describe any of the lands in controversy, for it only purported to convey land north of Beine creek. Appellee claims that there was a mistake in drafting the deed, and that it should have read south instead of north of the creek, but, even giving that construction to the language of the deed, it did not purport to convey all of the lands in controversy, but only about six acres of it. Appellant shows very clearly that appellee did not occupy the land in controversy, at least during some of the years covered by the period of his alleged occupancy. Appellant shows by the testimony of witnesses, one of whom at least is conceded to be unimpeachable, that appellee did not occupy this tract at all, but that on the contrary the land was continuously occupied by tenants of the Warner heirs.

There is considerable conflict in the testimony as to the actual occupancy of the land throughout the years which followed the conveyance by Erwin to appellee, but we think the conflicts are reconcilable upon the theory that each party, through tenants, occupied the lands at different times during that series of years. It was of

very little value and most of the time was not in cultivation. In fact, the evidence fails to show that it was in cultivation any considerable length of time. Appellee repaired or rebuilt the fences, or at least part of them, and pastured stock on the land, part of the time putting his own stock there and at other times permitting others to do so.

The testimony of the appellant, on the other hand, is quite convincing that the agents of the Warner heirs rented this land for different years during that period and that the same was occupied by the tenants to whom the land was rented. Appellee's occupancy is not shown to have been continuous for the period of seven years. It was a fitful or intermittent possession, which was insufficient to ripen its title. *Scott* v. *Mills,* 49 Ark. 266; *Brown* v. *Bocquin,* 57 Ark. 97; *Driver* v. *Martin,* 68 Ark. 551; *Wagner* v. *Head,* 94 Ark. 490.

It was not sufficiently notorious, for it does not appear that the agent of the Warner heirs, who lived in Des Arc, but a short distance away, was ever advised of appellee's occupancy of the land though the agent was looking after it for the heirs.

Our conclusion is, therefore, that the evidence fully establishes appellant's title by limitation under the Warner occupancy, and fails to show that appellee acquired title by adverse possession. Appellee does not assert title of any other character. The chancellor erred in rendering the decree in favor of appellee, and the same is reversed and the cause remanded with directions to enter a decree in favor of appellant quieting his title to the land in controversy.