### PESSONEY et al. v. COBB–HOLMAN LUMBER CO.

### No. 4743.

Court of Civil Appeals of Texas. Texarkana.

Oct. 3, 1935.

E. V. Swift, of Palestine, for appellants.

H. T. Brown, of Jacksonville, and Perkins & Perkins and Thomas Shearon, all of Rusk, for appellees.

SELLERS, Justice.

This is an appeal from the district court of Cherokee county. It appears from the record that the regular term of the district court of Cherokee county at which this trial was had convened on January 1, 1934, and adjourned on February 24, 1934. The judgment in this suit was rendered on February 24, 1934, for Cobb-Holman Lumber Company against George Pessoney, who, the record discloses, resides in Anderson county. Pessoney excepted to the judgment and gave notice of appeal to this court, and thereafter, on March 19, 1934, filed his appeal bond.

We have concluded that this court is without jurisdiction to consider this appeal for

the reason that the appeal bond was not fil-ed within the time provided by article 2253, R.S. (as amended by Acts 1927, c. 15, § 1 [Vernon's Ann.Civ.St. art. 2253]). Under this statute, an appeal bond, in order to confer jurisdiction on this court, must be filed in the trial court within twenty days after the adjournment of the term of court at which the case was tried when the term does not extend by law more than eight weeks. Article 199, subd. 2, R.S. (as amended by Acts 1931, c. 341, § 1 [Vernon's Ann. Civ.St. art. 199, subd. 2]), provides that the January term of the district court of Cherokee county shall only extend eight weeks. If the term of the district court of Cherokee county could by law continue more than eight weeks, the appeal bond would have been filed in time, since the record shows that the appellant is a nonresident of Cherokee county, and, for that reason, under the statute would have thirty days from the date of giving the notice of appeal to this court in which to file his appeal bond. Since the appellant was required to file his appeal bond within twenty days from the adjournment of court at which his case was tried and failed to do so, this court has no jurisdiction to consider the appeal and it will be dismissed. Bates v. Crane County (Tex.Civ. App.) 55 S.W. (2d) 610; Meek v. Coody (Tex.Civ.App.) 77 S.W.(2d) 259.