SANDERSON *v.* THOMAS.

4-4176

Opinion delivered February 24, 1936.

*H. M. Barney, Frank S. Quinn* and *James D. Shaver,* for appellant.

*A. L. Burford* and *B. E. Carter,* for appellees.

BUTLER, J.    Action by Sanderson to cancel a collector's tax deed issued to W. M. and R. B. Thomas and to quiet title against them and others who were made defendants.    From a decree dismissing plaintiff's complaint for want of equity and quieting title in the defendants, is this appeal.

The collector's deed under which defendants' claim is based is a void tax sale with alleged possession under the deed for more than two years prior to the institution of the suit.    By its decree the trial court found that the defendants had been in actual possession of the lands in controversy, cultivating same since the date of the tax deed, and that neither the plaintiff nor his predecessors in title were seized or possessed of the lands or any part thereof within two years next before the commencement of the suit.

The land involved is a forty-acre tract in Miller County, and the facts upon which the decree is based are not in dispute.    W. M. and R. B. Thomas owned a tract of land lying west of, and adjoining, the forty acres in question.    In clearing the mill site, they went over their line and cleared a triangular strip of ground along the west side of the forty four hundred and thirty-five feet long, and an average of thirty feet in width.    This occurred several years before the date of the collector's deed, June 11, 1928.    Each year after said strip of land was cleared the Thomases cultivated it in various crops and continued their possession in this manner for more than two years after the date of the deed, and were in possession at the time suit was instituted.    They did not extend their possession after the date of the collector's deed, but cut some timber at varying times from the forty-acre tract, all of which was woodland except the cleared strip amounting to 29/100 of an acre.

The statute upon which defendants' claim of title is based provides: "No action for the recovery of lands, or for the possession thereof against any person or persons, their heirs or assigns, who may hold such lands by virtue of a purchase thereof at a sale by the Collector or Commissioner of State Lands, Highways and Improvements, for the nonpayment of taxes, or who may have purchased the same from the State by virtue of any act providing for the sale of lands forfeited to the State for nonpayment of taxes, or who may hold such lands under a donation deed from the State shall be maintained, unless it appears that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands in question within two years next before the commencement of such suit or action. Act of January 10, 1857, § 1, p. 80." Section 6947, Crawford & Moses' Digest.

At the time the Thomases took possession of the strip of land above described they did not have color of title to the forty acres, but were mere trespassers. The appellees contend that their possession, so taken, is to be deemed a holding of the land by virtue of the purchase thereof at a sale by the collector, so as to extend their possession constructively over the whole tract, and, where this possession is continued for two years after the date of the collector's deed without possession having been extended or enlarged, it is sufficient to make the statute above quoted available. In support of this contention appellees rely chiefly upon the case of *Bon Air, etc. Co.* v. *Parks,* 94 Tenn. 263, 29 S. W. 130. In that case the owner of the legal title brought a suit in ejectment to recover possession of a tract of land containing 1,175 acres. The proof showed that the defendant, without color of title, and as a mere trespasser, inclosed forty or fifty acres of this land, built houses thereon, and had been in the adverse possession thereof continuously, cultivating it and occupying it as a home from 1874, and that his possessory right to the inclosure was perfected in 1881, by reason of the seven-year statute of limitation. In 1882 he made an entry to the entire 1,175-acre tract. He procured a grant, issued in 1889, based upon his entry made in 1882. The chancellor de-

creed in favor of the defendant, and the Supreme Court modified and affirmed the decree. Just what the modification was is not shown in the opinion. The conclusion reached by the editor of the opinion as reflected by the headnote would seem to support appellee's contention. We have been unable, however, to discover any case supporting the Tennessee case, nor have we been cited to any by learned counsel except that of *Wade* v. *Goza,* 78 Ark. 7, 96 S. W. 388, which, it is contended impliedly supports appellees' contention ''that one who is in possession as a trespasser and gets his tax deed and who remains in possession for more than two years thereafter, has acquired the title.'' We do not so interpret that case. There, the defendant was in possession under a donation deed based upon an alleged forfeiture for the tax of 1882. The contention was that the forfeiture was void. The court reviewed the evidence and concluded there was nothing in the record to impeach the donation deed, and reversed the judgment of the trial court in favor of the plaintiff. It approved an instruction to the effect that the period of limitation began to run from the date of the donation deed where the proof showed defendants were in possession. In this connection, the court said: ''If they (defendants) had not acquired title under their donation deed by the two-year statute of limitation prior to the institution of the suit for possession, they could not acquire it after that time and while the suits were pending.'' In this case there is nothing from which it may be inferred that the original entry was a trespass, but rather that it was not, for, under the statutes in force at the time of the donation, an entry and residence on the land under an application for donation was a prerequisite to the issuance of the donation deed. Act April 4, 1887, § 6675, Crawford & Moses' Digest. The entry and possession of the defendants was therefore by the authority of the State upon land claimed by it, and the possession prior to the issuance of the donation deed had no elements of a trespass.

We are of the opinion that the possession taken by appellees was not under, or by virtue of, the tax collector's deed, so as to make the statute available in sup-

port of their title, and that, the possession first taken being a trespass, such possession must have been extended or enlarged after the date of the collector's deed before the statute will begin to run. The general rule is stated in 2 C. J. 234, § 505, as follows: ''One who without color of title enters upon a tract of unoccupied real property and takes visible, open, and notorious possession of a part thereof cannot extend his possession so as to embrace the whole tract merely by obtaining color of title thereto subsequently to his entry and continuing to occupy only the land of which he originally took actual possession.'' We think the case of *Masters* v. *Haynes,* 169 Ark. 1177, 278 S. W. 12, cited by appellant, by analogy supports the general rule quoted.

It is not seriously contended that the entry upon the lands after the procurement of the collector's deed and the cutting of some of the timber therefrom are sufficient to constitute adverse possession, and, indeed, it is not. It has been frequently held by this court that where lands in controversy have been invaded from time to time for the purpose of cutting firewood, making rails, posts and boards, even though conducted through a considerable period of time, these acts are not sufficient to constitute adverse possession under § 6947, Crawford & Moses' Digest. The case of *Earle Improvement Co.* v. *Chatfield,* 81 Ark. 296, 99 S. W. 84, is a typical case which has been followed in a number of later cases. The reason there stated is that the occupancy of woodland must be of such a continuous and unequivocal character as to reasonably indicate to the owner visiting the premises that such use and occupation indicates an appropriation of ownership in another.

The strip of land occupied by the appellees had been in their continuous possession for more than seven years prior to the date of the collector's deed, but not under a claim of ownership. This is the effect of the testimony of W. M. Thomas. Therefore, the appellees have acquired no title by adverse possession to said strip of land.

It follows from the views expressed, that the trial court erred in rendering its decree in favor of the ap-

pellees, and the same is hereby reversed, and the cause remanded with directions to grant the relief prayed by the appellant.