### ALLEE et al. v. BRETEUL et al.

### No. 3710.

Court of Civil Appeals of Texas. Beaumont. July 3, 1940.

Rehearing Denied July 10, 1940.

432

Tom F. Coleman, Sr., and C. W. Falvey, both of Lufkin, for appellants.

Collins, Williams, Hatchell & Garrison, of Lufkin, and Ramey, Calhoun & Marsh, of Tyler, for appellees.

O'QUINN, Justice.

Plaintiffs, M. Garner de Breteul et al., sued defendants, Mrs. Ruby Allee, a widow, et al., in trespass to try title to 168 acres of land, a part of the J. Magano survey in Angelina County, Texas. All parties defendant, except E. M. Lewis, who was dismissed from the case, answered. Libbe Martin Bell and her husband, W. A. Bell, et al., intervened setting up title to the land against both plaintiffs and defendants. The case was tried to a jury, but at the close of the evidence the court instructed a verdict for the plaintiffs, appellees here, against the defendants and intervenors, which was duly returned and judgment entered accordingly.

Defendants and intervenors filed their motion for a new trial which was overruled on December 30, 1939, to which action of the court defendants and intervenors excepted and gave notice of appeal. They filed their appeal bond on January 22, 1940. Appellees duly filed motion to dismiss the appeal because the appeal bond was filed too late, more than twenty days after the overruling of the motion for a new trial.

We have examined the record and find the facts as stated in appellees' motion to dismiss. December 30, 1939, was the last day of the term of the court. The appeal bond was filed January 22, 1940. The term of the court (Angelina County) could not by law continue more than eight weeks,

Article 199, Sec. 2, Vernon's Ann.Civil Statutes. The appeal bond having been filed more than twenty days after the expiration of the term of the court, and more than twenty days after the motion for a new trial was overruled, it was too late and did not confer jurisdiction on this court to entertain this appeal. Article 2253, R.C.S.; Dilworth v. Ed Steves & Sons, 107 Tex. 73, 174 S.W. 279; Pessoney v. Cobb-Holman Lumber Co., Tex.Civ.App. 88 S.W.2d 566; Frier v. Krohn, Tex.Civ.App., 104 S.W.2d 537, writ refused.

Appeal dismissed.