## DIALS v. BRYANT.

4-8082                                                    199 S. W. 2d 753

Opinion delivered March 3, 1947.

*Charley Eddy,* for appellant.

*J. B. Moore,* for appellee.

ROBINS, J. Appellants, who are the children and heirs at law of Berry Dials, deceased, instituted suit in the court below to enjoin trespass by appellee on an 80-acre tract claimed by them and to quiet their title thereto. They asserted ownership by adverse possession and by inheritance from their father who had acquired an undivided two-sevenths interest from heirs of W. C. Kemp, original patentee of the land from the United States Government.

Appellee claimed title by conveyance from A. J. DeLong, who bought same from a purchaser at a sale for delinquent taxes. From a decree awarding the land to appellee, appellants prosecute this appeal.

In the trial below it was stipulated that the land forfeited for non-payment of taxes of 1919 and was sold at the delinquent tax sale on June 14, 1920, to E. A. Wolverton, to whom the county clerk issued his two deeds conveying the land in separate parcels of 40 acres each; that Wolverton sold and conveyed same on February 8, 1926, to A. J. DeLong; that taxes on the land were paid by Wolverton and DeLong from 1920 until 1934, at which time the land was sold to the state for non-payment of taxes; that DeLong conveyed the land to appellee on October 21, 1944, and appellee redeemed same from the state on October 24, 1944; that appellee also secured a deed to the land from Fred Mason, who had bought same from the Conway County Bridge District.

No question is raised by appellants as to the validity of the tax title acquired by appellee; and appellants' only defense against this title is their claim of long continued peaceable and adverse possession.

The testimony showed that the land involved was, for the most part, in timber, not enclosed by fence. It was shown that a wire fence was for a time maintained around part of the land by Fred Mason, who conveyed his interest to appellee. While some of the witnesses stated that the dwelling house occupied by appellants was located on the land in controversy, this was disputed by appellee's testimony, and a witness for appellants, who seemed to be more familiar with boundaries than other witnesses, testified that this dwelling house was located on an adjoining 40-acre tract, which was owned by appellants.

Appellants insist that adverse possession by them of the land involved herein was shown by testimony that they cultivated crops thereon each year. But it seems not to be disputed that the greater part of the land was never in cultivation; and witnesses on behalf of appellee testified that only small patches of the land were culti-

vated by appellants and this was not done regularly, though there was testimony on behalf of appellants to the effect that some of this land was worked by them each year. Appellants proved that they had been obtaining their firewood from this land, but it was also shown that appellee's grantor had, without objection from appellants, cut and removed a quantity of timber from this land.

Where actual possession is relied upon to support a plea of limitation or to establish title to land by limitation it must be shown that such possession was continuous, as well as notorious, adverse and exclusive. Mere fitful or intermittent possession is not sufficient. *Greer* v. *Vaughan,* 128 Ark. 331, 194 S. W. 232; *Driver* v. *Martin,* 68 Ark. 551, 60 S. W. 651; *Scott* v. *Mills,* 49 Ark. 266, 4 S. W. 908; *Brown* v. *Bocquin,* 57 Ark. 97, 20 S. W. 813; *Sanderson* v. *Thomas,* 192 Ark. 302, 90 S. W. 2d 965; *Norwood* v. *Mayo,* 153 Ark. 620, 241 S. W. 7; *Boynton* v. *Ashabranner,* 75 Ark. 415, 88 S. W. 2d 566, 1011, 91 S. W. 20.

The question as to whether appellants have been in the notorious, peaceful and adverse possession of this land for more than seven years, so as to defeat appellee's title, was one of fact. When all the evidence adduced is considered, we cannot say that the appellants' claim of title by adverse possession was supported by a preponderance of the testimony.

Since in equity cases we do not reverse the finding of the lower court on a fact question unless it appears to be against the weight of the testimony, it follows that the decree appealed from must be affirmed.