CLEM *v.* MISSOURI PACIFIC RD. CO.

5-444

269 S. W. 2d 306

Opinion delivered June 21, 1954.

*Kincannon & Kincannon,* for appellant.

*Pat Mehaffy* and *Thomas Harper,* for appellee.

J. SEABORN HOLT, J. Appellant, W. O. Clem, brought this suit to quiet and confirm alleged title, by adverse possession, to a tract of land containing 3.51 acres, Block B, in the town of Branch, Franklin County. Appellees answered with a general denial asserted possession, title

and ownership of the land, and payment of taxes thereon since 1921.

Trial resulted in a decree for appellees and confirmation of title to the 3.51 acre tract of land in question in the name of "Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Bankrupt."

For reversal, appellant says: "Appellant, W. O. Clem and his ancestor in title, H. L. Wilburn, had sole, exclusive, peaceable, adverse and hostile possession of this property continuously without interruption from September 13, 1939, to June 9, 1953, and had paid the taxes thereon for seven years; the tax deed from the State Land Commissioner, Claude A. Rankin, of the date of September 13, 1939, to H. L. Wilburn, appellant's ancestor in title, constituted color of title, even though the property was described as being a pt. of the SW ¼ of SW ¼, Sec. 2, Twp. 7 N, Range 28 West, 3.51 acres," and that appellees had done nothing to interrupt the running of the Limitation's Statute.

The record reflects that H. L. Wilburn attempted to purchase the property here in question at a tax sale and on March 13, 1939, the State Land Commissioner issued the State's Deed to him, describing the land in Franklin County as:

| | | | | | | Year for which |
| "Parts of Section | Sec. | Twp. | Range | Acres | 100th | forfeited |
|---|---|---|---|---|---|---|
| Pt. SW ¼ SW ¼ | 2 | 7 N | 28 W | 1 | 75 | 1933 |
| Pt. SW ¼ SW ¼ | 2 | 7 N | 28 W | 3 | 51 | 1930" |

Wilburn, on January 2, 1953, executed a Quit Claim Deed to this 3.51 acre tract to appellant, Clem, under the same description as in the State's Deed to Wilburn with an added metes and bounds description.

The State's Deed to Wilburn was void for an indefinite description. It conveyed nothing and Wilburn acquired no interest or title by it, in fact, not even color of title. He, therefore, had nothing to convey to appellant, Clem. *Thomason* v. *Abbott,* 217 Ark. 281, 229 S. W. 2d 660.

Although appellant has no record title or color title, he might have prevailed had he shown that he had held possession adversely,—as he argues,—for the statutory period of seven years. The burden was on him to prove such possession and this we hold he failed to do.

"What is necessary to constitute adverse possession was announced by this Court in *Watson* v. *Hardin,* 97 Ark. 33, 132 S. W. 1002, as follows: 'It is well settled by the authorities that this possession must be actual, open, continuous, hostile, exclusive and be accompanied by an intent to hold adversely and in derogation of and not in conformity with the right of the true owner. . . . It must be hostile in order to show that it is not held in subordination and subserviency to the title of the owner.' " *McCulloch* v. *McCulloch,* 213 Ark. 1004, 214 S. W. 2d 209.

The evidence shows that this tract in question had been assessed since 1921 to date of trial on the tax records of Franklin County either in the name of the Arkansas Central Railroad Company, Missouri Pacific Railroad Company, or Guy A. Thompson, Trustee, and that appellee, Thompson as Trustee, (or his predecessors) has continuously since 1921 paid the taxes each year on this property.

According to appellant, Clem, Wilburn deeded the tract to him in 1944, but Clem went to California thereafter and lost the deed. Just how long Clem stayed in California, the record does not disclose.

Prior to 1939, Mrs. Baker had a lease on the property from the Railroad.

Clem wrote a letter to appellees' superintendent February 12, 1953, in which he claimed to own the property but proposed: "I am willing to compromise and settle this controversy provided that you will execute to me a lease for a $5.00 annual rental to be paid in advance, said lease to run in full force and effect as long as I pay the rentals. . . . These premises are now enclosed with a three and four barb wire fence. . . . In this connection

I call your attention to the fact that Mr. Arrie Terry is now using this land as a pasture and claims to have a lease on it. I would want Mr. Terry to surrender possession up to you and to myself, up to date.''

Witness, Terry, testified that in November, 1952, he leased the tract from the Railroad and took possession. Clem asked him to get off, which he did, but later (within a few days) Terry resumed possession on advice of the Railroad and held possession until the Railroad cancelled his lease on March 12, 1953.

From all the testimony (which we do not detail), we think the trial court was justified in finding that appellant had not held the 3.51 acre tract continuously and adversely, but a fair conclusion to be drawn was that appellant, by seeking to lease the property, and the removal of Terry from possession, recognized appellees' claim of ownership and superior right thereto, and that appellant's possession was permissive only.

On the whole, we hold that the preponderance of the evidence is not against the following findings of the trial court: ''I doubt very much if you (W. O. Clem) have any open, notorious possession for a period of 7 years, without adverse claim. The railroad company owns the property. It has paid the taxes each year. He (Wilburn) bought property from the State with a deed that describes nothing. He kept it for a while and went to California, and Mr. Clem went to California for a while and came back. It's not clear how long he was gone. He leased it and asked them to get the folks off.''

Affirmed.