ELLEDGE *v.* CHAFTON.

5-552                                                  274 S. W. 2d 349

Opinion delivered January 10, 1955.

A. M. *Coates,* for appellant.

No brief for appellee.

ROBINSON, J. The parties to this litigation own adjoining lots in the city of Helena. Appellant, Mrs. Elledge, purchased her lot from Tom W. Hazelip and went into possession of it in 1944. At that time J. H. Richardson owned the adjoining property to the south. Richardson died in 1945 leaving a life estate in the property to his widow with the remainder to two sons. Mrs. Chafton purchased the remainder interest of the two sons in 1947. In 1952 Mrs. Richardson died; Mrs. Chafton thereby acquired possession and the fee title in the property.

There is a shed which belonged to Richardson at the back of the lots, which encroaches on the Elledge property. It was recognized by Richardson that there was an encroachment, and he stood ready to remove it at any time Mrs. Elledge wanted him to do so. However, after

Mrs. Chafton acquired the fee title to the property and got possession thereof, she refused to remove the encroachment and claimed by adverse possession that portion of the lot belonging to Mrs. Elledge on which the shed is situated. Mrs. Elledge filed a suit to require Mrs. Chafton to remove the encroachment. The Chancellor found that the shed encroached on the Elledge property and that the owner of the Chafton property had not acquired title by adverse possession to that portion of the Elledge lot on which the shed is situated. But the court found that the owners of the Chafton property had acquired title by adverse possession to a narrow strip of Mrs. Elledge's lot not occupied by the shed.

Even if Mrs. Chafton has had possession of any part of Mrs. Elledge's lot, such possession dates only from the time of Mrs. Richardson's death; hence Mrs. Chafton's possession would have to be tacked onto an adverse possession of her predecessor in title. *St. Louis Union Trust Co. v. Smith,* 207 Ark. 815, 182 S. W. 2d 945.

A preponderance of the evidence shows there is an iron stob at one of the two corners where the two lots join. The evidence is convincing that Mr. Richardson recognized the stob as being on the true line between his lot and that of Mrs. Elledge. He never claimed anything north of this line. When he built a walk he was careful to see that it was constructed south of the true line. There are some nails in a mulberry tree on the Elledge property which Mrs. Chafton claims is evidence of the fact that a fence existed there at one time. However, the significance of the nails is speculative.

The burden is on the one claiming title by adverse possession. *Clem v. Missouri Pacific Railroad Co.,* 223 Ark. 887, 269 S. W. 2d 306. Here the one making the claim of adverse possession failed to meet that burden.

Reversed.