Teer *v.* Plant.

5-3251                                               378 S. W. 2d 663

Opinion delivered May 11, 1964.

*Martin, Dodds & Kidd,* for appellant.

*Gannaway & Darrow,* for appellee.

SAM ROBINSON, Associate Justice. This is an action in ejectment filed by appellee, Johnson Plant; from a judgment in favor of the plaintiff, the defendant, Harley Teer, has appealed. Three points are argued. First, that the court erred in holding that appellee was entitled to possession; second, that appellant had acquired the property by adverse possession; and third, that appellant was entitled to reimbursement for improvements.

The land involved contains 1.18 acres. On April 7, 1962, appellee, Plant, acquired the property by warranty deed from his uncle, Tony Murph, who in turn had inherited the property from appellee's grandfather. Plant's predecessors in title had acquired the property by adverse possession extending continuously over a period of more than 40 years. The deed to Plant contained a valid and proper description of the property.

On March 21, 1955, appellant, Teer, obtained a tax deed from the State. The description of the land in the tax deed was as follows:

Part of the NW ¼, NW ¼, Section 33, Township 2 South, Range 11 West, containing 15 acres.
This is a part description which conveys nothing and is void. *Clem* v. *Missouri Pacific R. Co.* 223 Ark. 887, 269 S. W. 2d 306; *Price* v. *Price,* 207 Ark. 804, 182 S. W. 2d 879; *Hershey* v. *Thompson,* 50 Ark. 484, 8 S. W. 689. Neither is it sufficient to constitute color of title. *Clem* v. *Missouri Pacific R. Co.,* supra, *Thomason* v. *Abbott,* 217 Ark. 281, 229 S. W. 2d 660. Teer, therefore, acquired no interest in the property by virtue of his tax deed.

The second question is did Teer obtain title by adverse possession, notwithstanding the tax deed gives him

no color of title? It appears that the first act done by Teer, according to his testimony, indicating that he was claiming title to the property was the setting out of some small trees in the fall of 1955. It cannot be said that the mere planting of some small trees is sufficient to constitute adverse possession. Later he built a chicken house that extended a few feet over onto the property in controversy; he also dug a pond in 1956 or 1957 and built on the property a cow shed, a shed for hogs and one for dogs, but seven years had not expired from the time of such construction work until this action in ejectment was filed against him. The court said in *Dials* v. *Bryant*, 211 Ark. 212, 199 S. W. 2d 753: "Where actual possession is relied upon to support a plea of limitation or to establish title to land by limitation it must be shown that such possession was continuous, as well as notorious, adverse and exclusive. Mere fitful or intermittent possession is not sufficient. *Greer* v. *Vaughn,* 128 Ark. 331, 194 S. W. 232; *Driver* v. *Martin,* 68 Ark. 551, 60 S. W. 651; *Scott* v. *Mills,* 49 Ark .266, 4 S. W. 908; *Brown* v. *Bocquin,* 57 Ark. 97, 20 S. W. 813; *Sanderson* v. *Thomas,* 192 Ark. 302, 90 S. W. 2d 965; *Norword* v. *Mayo,* 153 Ark. 620, 241 S. W. 7; *Boynton* v. *Ashabranner,* 75 Ark. 415, 88 S. W. 2d 566, 1011, 91 S. W. 20.''

Next, appellant contends that he expended about $2,000.00 in improvements on the property, and that even if it should be held that he has not acquired good title to the property, he is entitled to be reimbursed for the money he spent on improvements and in payment of taxes. The record shows that for the years 1955 to 1961, inclusive, Teer paid taxes on 15 acres in the quarter section in which the land in controversy is located, but there is no showing that he paid taxes on the particular land here involved. It is also shown that he paid taxes for 1961 on 15 acres and that the 1.18 acres here involved constitutes a part of that 15 acres, but there is no showing of the value of the 1.18 acres as compared to the balance of the 15 acre tract, and therefore, there is no showing as to the amount paid as taxes on the land in

litigation here. Teer has a home on that part of the 15 acres not in litigation here.

. As pointed out in *Wilkins* v. *Maggard,* 190 Ark. 532, 79 S. W. 2d 1003, under the Revenue Act, Ark. Stat. Ann. § 84-1121 (Repl. 1960), Teer is entitled to recover the cash value of any improvements he placed on the property subsequent to two years after his purchase from the State; however, here there is no showing of the cash value of such improvements. Just because Teer may have spent $2,000.00 does not mean that he has improved the property to that extent or that the cash value of the improvements amounts to that sum. In fact, it does not appear that the property is worth $2,000.00. In 1955 the State Land Department valued it at $8.00 per acre, and in 1962 the same Department valued the 1.18 acres at $120.00. But be that as it may, the record does not show that any of the claimed improvements were made subsequent to two years after Teer received the tax deed.

The judgment of the trial court provides that Teer has the right to remove any buildings he has placed on the property, and there is no cross-appeal.

Affirmed.