## TURNER *v.* RICE.

Opinion delivered November 12, 1928.

W. D. Brouse, for appellant.

E. G. Shoffner, for appellee.

HUMPHREYS, J.  This suit originated in the chancery court of Saline County, and the sole question involved, in both the trial court and this court on appeal, is whether appellee's claim of title to the southwest quarter of the northeast quarter of section 5, township 2 south, range 12 west, is paramount to appellants' claim of title thereto.

The State of Arkansas claimed title to "lot 1 of the northeast quarter of section 5, township 2 south, range 12 west, 40 acres," in an overdue tax proceeding in the Saline Chancery Court in 1882-1883, by purchase for taxes, penalty and costs, amounting to $17.17. After the expiration of the time for redemption, the clerk certified the land by the description designated to the State.  The State's title under said description is the source of appellee's title.  On October 8, 1909, the State conveyed the land by said description to Wade Grissom as lands bought by it at the overdue tax proceeding for a consideration of $50.  On March 8, 1910, Wade Grissom and his wife conveyed the land by identical description to John Shores, and on February 4, 1911, John Shores conveyed the land by identical description to appellee, who assessed and paid taxes on the land by identical description each and every year thereafter until the present time.  There was never another forfeiture or sale of the land under the identical description for the nonpayment of the taxes.

Appellants claimed title to the 40-acre tract in question under a tax deed based upon a forfeiture and sale thereof for the nonpayment of the taxes for the year

1913. The land was described on the assessment roll and assessed as the southwest quarter of the northeast quarter, section 5, township 2 south, range 12 west, 40 acres, to W. C. Turner, in 1912. He paid the taxes for 1912 in 1913, and allowed it to forfeit and sell for the taxes of 1913, and purchased same at the sale, and subsequently obtained a tax deed from the clerk which described the land as the southwest quarter of the northeast quarter of said section, township and range. Thereafter he brought a suit in the chancery court of Saline County to confirm the tax title against parties who had no interest in the land, and obtained a decree confirming and quieting his title thereto. Appellee was not made a party to the suit, and had no knowledge of its pendency. After obtaining the decree confirming his tax title, he conveyed the land by the identical description to E. L. Carter, his co-appellant.

According to the original government plat on file in the United States Land Office in Little Rock, of date April 20, 1827, the northeast quarter of section 5, township 2 south, range 12 west, is in a square, and is divided by an east and west line near the center of the two lots, the south lot being designated as No. 1, containing 80 acres, and the north lot being designated as No. 2, containing 87.60 acres. There is another plat of the same land in said office which has no filing or approval date, and according to it the northeast quarter of said section, township and range is divided by a north and south as well as an east and west line so as to divide the 160 acres into 40-acre tracts. As stated above, both plats are in the office, and provide methods for describing the same land by different subdivisions. Appellee acquired whatever title she has to the land in dispute by description according to the original government plat, and appellants acquired whatever title they have to the said forty-acre tract by description according to the other plat.

Appellants contend for a reversal of the decree canceling their muniments of title on the ground that

appellee acquired no title through mesne conveyances from the State of Arkansas because the description contained in her muniments of title are insufficient to identify and locate the land, whereas the description in their muniments of title are sufficient to identify and locate said land. They argue that it is impossible from the description in appellee's muniments of title to determine whether it is the east or west 40-acre tract in lot 1 of said section, township and range. Their argument would be sound if the qualifying words, "40 acres," dominated and controlled the description contained in her muniments of title. The acreage mentioned in a government call of lands does not control or dominate the description. Wherever one is granted land by government call, he takes the whole of the call without reference to the amount of acreage added to the description. In other words, if one is deeded the northeast quarter of any particular section containing any particular number of acres, he would take the whole quarter section, irrespective of the number of acres mentioned. Of course it would be different if a particular number of acres was conveyed to one in any particular portion of a government call. We think the description contained in appellee's deed and in all the deeds in her chain of title convey to her the whole of lot 1 in section 5, township 2 south, range 12 west, which necessarily included the west 40-acre tract in said lot, or the southwest quarter of the northeast quarter of said section, township and range. The agreed statement of facts reflects that, after acquiring her title, she paid the taxes according to the identical description contained in her muniments of title upon the land each year thereafter and until the present time. This being the case, the land was not subject to forfeiture for the nonpayment of taxes under any other description for the year 1913.

We do not agree with appellants that the other plat in the land office abolished or superseded the original government plat. Both plats are still in the office,

and the land may correctly be described according to either plat. Appellee's title to the west half of lot No. 1 or to the southwest quarter of the northeast quarter of section 5, township 2 south, range 12 west, is prior in point of time and paramount to appellant's claim to title thereto under the forfeiture of said 40-acre tract under the description of the southwest quarter of the northeast quarter of said section, township and range, for the nonpayment of taxes for the year 1913. The forty-acre tract was not subject to forfeiture, as the taxes had been paid thereon by another good and sufficient description, and appellants acquired nothing under or by virtue of the forfeiture, which is the source of their title. Appellee was not bound by the decree and the confirmation of appellants' tax title, as she was not made a party thereto and knew nothing of its pendency in the court prior to the rendition of the decree.

No error appearing, the decree canceling the muniments of appellants' title and quieting the title to the said 40-acre tract in appellee as against them, is in all things affirmed.