DEAN E. BDOWNING ET UX *v.* SYLVESTER HICKS ET AL

5-4327                                    420 S. W. 2d 545

Opinion delivered November 6, 1967
[Rehearing denied December 4, 1967.]

*F. C. Crow,* for appellants.

*Graves & Graves,* for appellees.

PAUL WARD, Justice. This is a suit in ejectment to obtain possession of a part of Lot 1, Block 1, London's Addition No. 1, to the City of Hope. The litigation arose in the manner presently summarized.

One J. J. Moore acquired title to the said Lot in 1941, and immediately took possession. In 1947 he conveyed the south seventy feet of the Lot to one Mabel Washington. Moore failed to pay taxes on his part of the Lot in 1960, and it was conveyed to the State in November, 1961. On February 11, 1964 the state deeded the forfeited parcel to the Southwest Land and Development Company. (Note that the description in this deed reads: "Part of Lot 1 of Block. . ."). On May 12, 1966 the land company (by accurate description) conveyed the land to Dean E. Browning and wife, who are the appellants here. Appellants never took actual possession of the property on which there was a house.

Appellants filed a complaint in circuit court containing, in substance, the following material allegations: (a) The facts set out above; (b) The property is occupied by Sylvester Hicks and his wife, and his parents, who are appellees herein; (c) Appellees are trespassers, and they have refused to surrender possession; (d) A search of the records fails to show appellees have any interest in said property, and they have not paid taxes thereon.

The prayer was; for possession of Lot 1, less the south seventy feet; for eviction of appellees, and; to have title quieted in the plaintiffs (appellants).

To the above complaint appellees filed a Demurrer and a Motion for Summary Judgment. The trial court sustained the Demurrer and also granted the Motion, stating:

"Plaintiffs are basing their claim on a tax forfeiture and deed from the State of Arkansas to Southwestern Land and Development Company, which are both void because the lands described by a 'part' description .... it is undisputed that the plaintiff's alleged title is based on this void tax forfeiture and sale and that is the only real issue in the case. . ."

It is our conclusion that the trial court was correct in his analysis of the case, and must be affirmed.

Appellants do not contend that the trial court misstated any material fact or that there are any disputed material facts in this case. Therefore the Motion for a Summary Judgment was proper, there being only a question of law for the trial court to decide. See Ark. Stat. § 29-211 (c) (Repl. 1962) and *Trinity Universal Ins. Co.* v. *Robinson*, 227 Ark. 482, 299 S. W. 2d 833.

There are numerous decisions of this Court holding a "part" description or an indefinite description con-

veys no title. See: *Price* v. *Price*, 207 Ark. 804, 182 S. W. 2d 879: *Clem* v. *Missouri Pacific Rd. Co.*, 223 Ark. 887 (p. 888), 269 S. W. 2d 306; *Teer* v. *Plant*, 238 Ark. 92, 378 S. W. 2d 663, and; *Thomason* v. *Abbott*, 217 Ark. 281, 229 S. W. 2d 660. In the last cited case we said that an indefinite description would not support an action in ejectment or quiet title.

It is of no avail to appellants to show that the deed they received from the Land Company contained a definite description, since the deed to the Land Company was void by reason of the indefinite description. *American Portland Cement Company* v. *Certain Lands*, 179 Ark. 553, 17 S. W. 2d 281.

Affirmed.

BROWN, J., not participating.