Carey WYATT and Patsy Wyatt *v.*
ARKANSAS GAME & FISH COMMISSION

04-770 202 S.W.3d 513

Supreme Court of Arkansas
Opinion delivered February 3, 2005

*Oscar Stilley*, for appellants.

*The McMullen Law Firm*, by: *Marian McMullen*; and *James F. Goodhart*, for appellee.

BETTY C. DICKEY, Justice. This is an appeal of an order quieting title to ten acres of land in Newton County in the Arkansas Game and Fish Commission (AGFC). Carey and Patsy Wyatt occupied three of the ten acres under a 1998 quitclaim deed that contains the following description: "Part of the SE 1/4 of the NE 1/4 of Section 11, Township 15 North, Range 19 West, containing 3 acres, more or less." In 2000, the AGFC received a deed conveying, ". . . that part of the SE 1/4 of the NE 1/4 containing 7 acres, lying

West and North of Cave Creek; also a part of the NW 1/4 of the SE 1/4 lying on the north side of Cave Creek, containing 5 acres, more or less, and being in the aggregate of 52 acres, more or less. . . ."

Although the AGFC's deed, on its face, conveyed seven acres, the AGFC interpreted the deed to convey the entire ten-acre tract lying north and west of the creek, based on the rule of construction that references to acreage in a deed are secondary to references to artificial and natural monuments. In 2001, the AGFC attempted to remove the Wyatts by filing a criminal trespass action. The Wyatts filed suit to quiet title in their three acres. The AGFC answered that the Wyatts's title was void for lack of a definite description, and counterclaimed to quiet title in the ten acres.

On September 16, 2002, the AGFC filed a motion for summary judgment, arguing that its deed should be interpreted to convey all ten acres lying north and west of the creek. The AGFC argued that, if the deed's reference to seven acres was removed from the description, the deed would describe the entire acreage lying north and west of the creek: "that part of the SE 1/4 of the NE 1/4 [containing 7 acres] lying West and North of Cave Creek." The AGFC's motion was accompanied by the affidavit of its own surveyor, Steve Parish, and the affidavit of another surveyor, William Cochrane, interpreting the legal description in the AGFC deed as transferring all of the land in the SE 1/4 of the NE 1/4 lying north and west of the creek. The AGFC also argued that if it were not the titleholder of the ten acres by virtue of its deed, it was entitled to ownership by adverse possession.

The Wyatts, recognizing the infirmity in their own deed, responded to the motion by abandoning their quiet-title action and instead challenged only the AGFC's ability to quiet title in the ten acres on the strength of its deed. They asserted that the AGFC's deed was indefinite because it failed to identify which seven of the ten acres lying north and west of the creek were being conveyed. The Wyatts further argued that the AGFC was not entitled to have its deed reformed to reflect a conveyance of all ten acres lying north and west of the creek.[1]

---

[1] Even though the Wyatts's deed was abandoned, they were in possession when the suit was filed and are therefore in a position to question the title asserted by the AGFC. *Irby v. Drush,* 220 Ark. 250, 247 S.W.2d 204 (1952).

After a hearing, the trial court granted summary judgment to the AGFC, deleting the deed's reference to seven acres, and changing the words "that part of the SE 1/4 of the NE 1/4," to, "All of the property." The court then entered an order interpreting the land description in the AGFC's deed as follows:

> All of the property lying West and North of Cave Creek in the SE 1/4 of the NE 1/4 of Section 11, Township 15 North, Range 19 West, Newton County, Arkansas.

The trial court did not address the AGFC's claim for adverse possession, having ruled in the AGFC's favor on the deed. The trial court based its decision on *Dierks Lumber and Coal Co. v. Tedford*, 201 Ark. 789, 146 S.W.2d 918 (1941) and *Scott v. Dunckel Box & Lumber Co.*, 106 Ark. 83, 152 S.W.1025 (1912).

The Arkansas Court of Appeals reversed the trial court, noting that the issue was one of law and ruling that the trial court had erred in reforming the deed rather than interpreting it. The court of appeals held that, because the creek is only a directional indicator of where the seven acres are located, the AGFC deed did not describe the conveyance by reference to the creek but by reference to the seven acres. Characterizing the deed as containing an indefinite "part" description, the court of appeals held that there were no monuments to elevate over acreage and the AGFC's deed was void for indefiniteness. The court of appeals remanded for the AGFC to pursue its claim of adverse possession, which the trial court had not reached.

■ The AGFC petitioned this court for review, arguing that monuments control over references to acreage, and contending that the court of appeals decision reversed precedent. When this court grants a petition for review, we consider the matter as if the appeal had been originally filed in this court. *Neill v. Nationwide Mut. Fire Ins., Co.*, 355 Ark. 474, 127 S.W.3d 484 (2003); *BPS, Inc. v. Parker*, 345 Ark. 381, 47 S.W.3d 858 (2001).

■ A trial court may grant summary judgment only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Craighead Elec. Coop. Corp. v. Craighead County*, 352 Ark. 76, 98 S.W.3d 414 (2003); *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878 (2002). Once the moving party has established a prima facie case showing entitlement to summary judgment, the opposing party

must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Craighead Elec., supra; Adams v. Arthur,* 333 Ark. 53, 969 S.W.2d 598 (1998).

In this case, the Wyatts argue that the trial court erred in interpreting a deed which grants seven unspecified acres in a ten-acre tract to actually encompass the entire ten acres, and changing the legal description to reflect ownership of all ten acres, to the detriment of the Wyatts, who peacefully possessed three acres in the same tract pursuant to a deed purchased for value.

■ This court does not consider the legal description contained in the Wyatts's deed because the Wyatts abandoned their quiet-title action and instead challenged only the AGFC's ability to quiet title in the ten acres on the strength of its deed. In an action to quiet title, the plaintiff must recover on the strength of his own title and not on the weakness of the defendant's title. *Wyatt v. Wycough,* 232 Ark. 760, 341 S.W.2d 18 (1960).

The AGFC legal description at issue in this case reads:

> The SW 1/4 of the NE 1/4, 40 acres, more or less; that part of the SE 1/4 of the NE 1/4 containing 7 acres, lying West and North of Cave Creek; also a part of the NW 1/4 of the SE 1/4 lying on the north side of Cave Creek, containing 5 acres, more or less, and being in the aggregate of 52 acres, more or less, all in Section 11, Township 15 North, Range 19 West, all in Newton County, Arkansas.

According to the AGFC, the language of the deed should be read to omit the words, "containing 7 acres" lying West and North of Cave Creek. We agree.

■■ Here, the trial court actually reformed the deed to read, "*All* of the property lying West and North of Cave Creek in the SE 1/4 of the NE 1/4 of Section 11, Township 15 North, Range 19 West, Newton County, Arkansas." (Emphasis Added). However, before an instrument can be reformed, it must appear

that it fails to express the agreement of the parties because of a mutual mistake or mistakes on one side and fraud and inequitable conduct on the other. *See Jeffers v. American Pioneer Life Insurance,* 256 Ark. 332, 507 S.W.2d 713 (1974). Neither party is entitled to such reformation because neither fraud nor mutual mistake was pled or proven. In the present case, the trial court reformed the deed by adding and substituting language such as "all" for "that part." Although the trial court ruled in favor of the AGFC on the basis of reformation, it was error to do so. Nonetheless, the trial court is affirmed because it was correct for another reason. *Releford v. Pine Bluff School District No. 3,* 355 Ark. 503, 140 S.W.3d 483 (2004). In short, the legal description in the AGFC's deed is not void for vagueness because it can be read and interpreted to identify the disputed property.

In *Scott v. Dunkel Box & Lumber Co.,* 106 Ark. 83, 152 S.W.1025 (1912), a deed passed title to 100 acres, more or less, but the actual acreage conveyed was about 254 acres. This court held that the discrepancy between acreage as given in a deed and that which appellant claims does not alone render the deed void. This court stated:

> The most general terms of description employed in deeds to ascertain the things granted are: (1) quantity; (2) course and distance; (3) artificial or natural objects and monuments. And whenever a question arises as to description, the terms or objects most certain and material will govern. Therefore quantity yields to course and distance, and course and distance to artificial and natural objects. A call for quantity in a deed must yield to a more definite description by metes and bounds. The quantity of land conveyed is generally mentioned in the deed; but, without an express averment or covenant as to quantity, it will always be regarded as a part of the description merely, and it will be rejected if it be inconsistent with the actual area of the premises, if the same is indicated and ascertained by known monuments and boundaries. It aids, but does not control, the description of the granted premises. Our own court has said of the words "more or less," when used in the description of land conveyed, that they are words of precaution, intended to cover slight or unimportant inaccuracies, but that they do not control an otherwise good description.

*Id.* (Internal Citations Omitted).

This court held in *Turner v. Rice,* 178 Ark. 300, 10 S.W.2d 885 (1928), that the acreage mentioned in a government call of lands, even without the words "more or less," does not control or dominate the description. Wherever one is granted land by government call, he takes the whole of the call without reference to the amount of acreage added to the description. *Id.* "In other words, if one is deeded the northeast quarter of any particular section containing any particular number of acres, he would take the whole quarter section, irrespective of the number of acres mentioned." *Id.* at 303.

Later, in *Tedford,* 201 Ark. 789, 146 S.W.2d 918, citing *Scott* and *Turner,* this court held that in the absence of an express averment or covenant as to quantity, the quantity mentioned in the deed does not control the description of the granted premises. The applicable rule is that where the instrument contains words of qualification, such as "more or less" or words of similar import, the statement of quantity of acres conveyed is a mere matter of description, and not of the essence of the contract, and the purchaser takes the risk of quantity, there being no fraud or gross mistake. *Hays v. Hays,* 190 Ark. 751, 81 S.W.2d (1935). The mention of quantity of acres, after a certain description of the subject by metes and bounds, or by other known specifications, is but a matter of description, and does not amount to any covenant, or afford ground for the breach of any of the usual covenants, though the quantity of acres should fall short of the given amount. *Id.* In *Hays,* the court wrote, "whenever it appears, by definite boundaries, or by words of qualification, as 'more or less' or as 'containing by estimation,' or the like, that the statement of the quantity of acres in the deed is mere matter of description and not of the essence of the contract, as a general rule, the buyer takes the risk of the quantity, if there be no intermixture of fraud in the case."

The applicable general rules are not in dispute. Where land is sold "in gross" or where the legal description is qualified by the words "more or less," the buyer takes the risk of the quantity, in the absence of fraud. *Clover v. Bullard,* 170 Ark. 58, 278 S.W.2d 645 (1926). The law does not look solely to the quantity of the shortage but also to all other relevant facts and circumstances. *Hays, supra; Birch-Brook. Inc. v. Ragland,* 253 Ark. 161, 485 S.W.2d 225 (1972). A deed will not be held void for

uncertainty of description if by any reasonable construction it can be made available. *Gipson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974). A description of land is sufficient if the descriptive words in the deed furnish a key of identifying the land conveyed. *Davis v. Burford*, 197 Ark. 965, 125 S.W.2d 789 (1939). A deed is not void for uncertainty if the land can be located by the description used. *Tolle v. Curley*, 159 Ark. 175, 251 S.W. 377 (1923).

 Since it can be determined what part of the property is being conveyed, the trial court correctly concluded that the acreage mentioned in a deed does not control the description of the granted premises, but must yield to the land described by a monument, whether natural or artificial. *Tedford, supra.* Here, the phrase "that part" in the description references the phrase "lying West and North of Cave Creek," so that the specific location of the grant is easily ascertainable. The deed grants "that part" of the SE 1/4 of the NE 1/4 that lies West and North of Cave Creek. In this instance, that part of the quarter section lying West and North of Cave Creek contains ten acres. It is of no consequence that the stated acreage, seven acres, is incorrect. In *Turner v. Rice*, this court rejected an argument that the description was insufficient to identify and locate the land simply because the mentioned acreage was incorrect. Similarly, here, the phrase "containing 7 acres" is not controlling because the description is otherwise sufficient to identify the land. Consequently, the deed is not void.

Moreover, if the phrase "that part" modified the phrase "containing 7 acres," this court's precedent would dictate a similar result. As stated previously above in *Tedford, supra,* the court interpreted the phrase "that part of the Northwest Quarter Southeast quarter, containing 25 acres lying east of the Center Point and Caddo Gap road" as "containing 25 acres, more or less . . ." *Id.* at 791-92, 146 S.W.2d at 919. Where the instrument contains words of qualification, such as "more or less," or words of similar import, the statement of quantity of acres conveyed is a mere matter of description. *Hayes, supra; Scott, supra.*

 While the phrase in question in this case does not expressly contain the words "more or less," the phrase is substantially similar to the phrase "containing 25 acres" in *Tedford, supra,* which is interpreted to mean "containing 25 acres, more or less." Here, too, the phrase could be interpreted to mean, "That part of the SE 1/4 of the NE 1/4 containing 7 acres *more or less*, lying West and North of Cave Creek." Thus, under *Tedford,* the deed's legal

description can be interpreted to identify the ten-acre tract as having been conveyed to the AGFC.

Affirmed as Modified.