2009 Ark. App. 348

**Aubrey D. MOBLEY, Appellant,**

v.

**Jerry EVANS and Diane
Evans, Appellee.**

**No. CA 08–850.**

Court of Appeals of Arkansas.

April 29, 2009.

Jennifer Douglas, Lake City, for appellant.

Don R. Brown, Pocahontas, for appellee.

KAREN R. BAKER, Judge.

Appellant Aubrey Mobley appeals from a decision by the Randolph County Circuit Court quieting title to a four-acre tract of land in appellees, Jerry and Diane Evans. On appeal, Mobley contends that the Evanses' deed is void on its face, and the trial court erred in quieting title of the four-acre tract in the Evanses. We agree and reverse and remand.

This appeal concerns a dispute over four acres of property in Randolph County, Arkansas. On June 5, 2000, Mr. Mobley and his wife received a Warranty Deed to the following lands (with other adjoining lands):

> All of the NW1/4 SW1/4 EXCEPT that 4 acres, more or less North of the creek described in Deed from Dan F. Kirk to Fred Hawkins recorded in Randolph County Deed Record Book 58 Page 165, and all of said land being in Section 34, Township 20 North, Range 1 West.

In November 2004, the Evanses purchased forty acres from Tony Hand and his wife. On November 30, 2004, the Evanses received a Commissioner's Deed to the following property:

> The Southeast Quarter of the Northwest Quarter (SE1/4 NW1/4) of Section 34, Township 20 North, Range 1 West, and *4 acres, more or less, in the Northwest Quarter of the Southwest Quarter (NW1/4 SW1/4) of Section 34, Township 20 North, Range 1 West, being a strip of land North of the creek.*

(Emphasis added.) Mr. Mobley challenges the Evanses' ownership of the four-acre tract in the NW1/4 SW1/4 of Section 34.

At trial, Tony Hand testified that between 2000 and 2002, he fenced approximately 2.7 acres of the disputed four acres of property. The portion that Hand enclosed ran along the creek and had been cleaned up and cleared. He testified that his purpose behind putting up the fence around this area was to provide his cattle space to graze. He also testified that he put the fence along the creek and even down into the creek at one point, so that the cattle could drink from the creek and get into the water. He explained that when he put the fence up, he had no idea where the property line was located. So, at the time he built the fence, he had a discussion with Ken Powell, the previous owner of the Mobleys' property, about the fence and the property line. He asked Mr. Powell if he had "a problem with where [he was] putting th[e] fence." Mr. Hand testified that Mr. Powell's response was that "[h]e didn't care." The fence was still there when he sold the property to the Evanses in 2004.

Mr. Mobley testified that when he purchased his 240 acres in 2000, there was no fence on the disputed four acres. He explained that he had hunted on the property in 1995, and "there was no fence there then either." He testified that he had accused the Evanses of "putting up the fence all along." Mr. Mobley realized there was a dispute over the four acres when he saw Mr. Evans "pushing it up with a dozer." The men argued over the ownership of the four acres. However, Mr. Mobley dropped the issue after Evans told him that he had a survey of the property and after Mobley saw that his own deed contained an exception for four acres. It was not until Mr. Evans approached Mr. Mobley, asking him to give Evans a deed to the four acres, that Mr. Mobley realized that Mr. Evans had not had the property surveyed as he had previously said.

Mobley testified that he removed the fence in order to reclaim the four acres. He also moved the Evanses' deer feeder over to their property, but left the tree stand in place. Mobley testified that Evans had also "dozed down" many trees on

the four acres. The court entered a restraining order in November 2006, ordering both Mobley and Evans to stay off the property.

Jerry Evans testified that he was very familiar with the property before he purchased it (including the four acres in dispute) from Tony Hand, as Evans "grew up there. All my life." He stated that he was familiar with the area down by the creek and that he had a "big deer stand" in the middle of the forty acres, upon which he had hunting rights.

Evans testified that after he bought the property from Hand, he was unsure about the boundary of the four acres. He testified as to the following interaction with Mobley:

> You could read the deed and it said four acres north of the creek, and so what I wanted to do is I was going to straighten that up and get it fixed in footage. I went to Mr. Mobley, and I asked him if he would help me fix the deed to where it would either read for what was fenced at the time, or like it was stated on the deed. And he said, "Well, I don't want some land running all the way down through the middle of my place." And I said, "Okay. I'll switch over and I'll take some up the side and square it." He said he didn't want to do that either. He said, "If you don't have a deed, you don't have a deed." So, he wouldn't take it.

Because Evans questioned the boundary line, and he wanted to place a new fence on the correct boundary line, he tried to reach a solution with Mobley. But, he testified that Mobley soon began to remove the old fencing on the disputed property. Evans testified that he asked Mobley to stop removing the fencing until they could get the issue resolved, but Mobley continued. Mobley "fenced it off to where [Evans's] cattle couldn't go in there." Evans testified that Mobley also tore down Evans's deer stand and "pushed it up into a brush pile." Finally, Mobley took down Evans's deer feeder and "threw it over the fence and ruined it." Evans then had a survey done by DeClerk–Throesch of the disputed property and this lawsuit ensued.

Mr. Mobley alleges that the description of the four acres in the Evanses' deed is a void description. After comparing the description in the Evanses' deed to the 2006 DeClerk–Throesch survey and considering a 1964 quitclaim deed from the Internal Revenue Service, the trial court found that the description in the Evanses' deed was not void and quieted title of the four acres to the Evanses. This appeal followed.

■ This court reviews equity cases de novo but does not reverse the trial judge's findings unless they are clearly erroneous. *Oliver v. Oliver,* 70 Ark.App. 403, 19 S.W.3d 630 (2000). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Hedger Bros. Cement & Materials, Inc. v. Stump,* 69 Ark. App. 219, 10 S.W.3d 926 (2000); *Summers v. Dietsch,* 41 Ark.App. 52, 849 S.W.2d 3 (1993). This court will give due regard to the opportunity of the trial judge to judge the credibility of the witnesses and the weight to be given their testimony. *Jennings v. Burford,* 60 Ark.App. 27, 958 S.W.2d 12 (1997).

■ In an action to quiet title, the plaintiff must recover on the strength of his own title and not on the weakness of the defendant's title. *Wyatt v. Ark. Game & Fish Comm'n,* 360 Ark. 507, 202 S.W.3d 513 (2005) (citing *Wyatt v. Wycough,* 232 Ark. 760, 341 S.W.2d 18 (1960)). Thus, the Evanses must rely on their November 30, 2004 Commissioner's Deed in order to prove ownership of the four acres.

■ Appellant contends that the "legal description renders the deed void as it

pertains to the four acre tract, as it is impermissibly vague and could describe any four acre portion of land 'north of the creek.'" We agree. A deed will not be held void for uncertainty of description if by any reasonable construction it can be made available. *Wyatt,* 360 Ark. at 515–16, 202 S.W.3d at 519 (citing *Gibson v. Pickett,* 256 Ark. 1035, 512 S.W.2d 532 (1974)). A description of land is sufficient if the descriptive words in the deed furnish a key of identifying the land conveyed. *Id.* (citing *Davis v. Burford,* 197 Ark. 965, 125 S.W.2d 789 (1939)). A deed is not void for uncertainty if the land can be located by the description used. *Id.* (citing *Tolle v. Curley,* 159 Ark. 175, 251 S.W. 377 (1923)).

Here, the trial court found that the description in the Evanses' deed was not void. In so finding, the trial court stated that the four-acre tract is the same parcel shown on the 2006 DeClerk–Throesch survey and that the description in the Evanses' deed is the same as the description in the 1964 quitclaim deed from the Internal Revenue Service. However, the legal description contained in the 2004 Commissioner's Deed must be sufficient to identify the location of the disputed property. *See Wyatt v. Ark. Game & Fish Comm'n,* 360 Ark. 507, 202 S.W.3d 513 (2005) (holding that the legal description in the AGFC's deed was not void for vagueness because it could be read and interpreted to identify the disputed property).

Our courts have held that the description in a deed is void where it is so vague and indefinite that it in no way identifies the land. *American Portland Cement Co. v. Certain Lands,* 179 Ark. 553, 17 S.W.2d 281 (1929) (citing *Lonergan v. Baber,* 59 Ark. 15, 26 S.W. 13 (1894); *Buckner v. Sugg,* 79 Ark. 442, 96 S.W. 184 (1906); *Brinkley v. Halliburton,* 129 Ark. 334, 196 S.W. 118 (1917)). In the present case, it is impossible to determine the location or to specifically identify the disputed

four acres of property based on the property description in the Evanses' deed. Neither the 2006 DeClerk–Throesch survey nor the 1964 quitclaim deed from the Internal Revenue Service are helpful in identifying the land. The 1964 quitclaim deed provides almost no additional description than the description in the Evanses' deed. A description of land is sufficient if the descriptive words in the deed furnish a key of identifying the land conveyed. *Wyatt, supra* (citing *Davis v. Burford,* 197 Ark. 965, 125 S.W.2d 789 (1939)). Here, there is no key. The description is not sufficient to identify which four acres of the land were conveyed. Our courts have held that a "part" description or an indefinite description conveys no title. *See Browning v. Hicks,* 243 Ark. 394, 395–96, 420 S.W.2d 545, 547 (1967) (citing *Price v. Price,* 207 Ark. 804, 182 S.W.2d 879 (1944); *Clem v. Mo. Pacific R.R. Co.,* 223 Ark. 887, 269 S.W.2d 306 (1954); *Teer v. Plant,* 238 Ark. 92, 378 S.W.2d 663 (1964); *Thomason v. Abbott,* 217 Ark. 281, 229 S.W.2d 660(1950)). Moreover, an indefinite description will not support an action in ejectment or quiet title. *See Browning, supra.*

Arkansas law clearly states that the legal description contained in a deed must sufficiently describe a specific tract or property to convey title. Because there is not a sufficient legal description in the Evanses' deed, we reverse the trial court's decision to quiet title based on the deed. We also remand the case to the trial court for consideration of the claim of acquiescence, which was not ruled on by the trial court.

Reversed and remanded.

ROBBINS and KINARD, JJ., agree.