Cite as 2025 Ark. App. 53

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-579

| | | |
|---|---|---|
| JASPER WISELEY | | **Opinion Delivered** January 29, 2025 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| V. | | [NO. 04PR-21-884] |
| WARREN COINER | | HONORABLE CHRISTINE HORWART, |
| | APPELLEE | JUDGE |
| | | REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

In this probate action, appellant Jasper Wiseley appeals the order of the Benton County Circuit Court denying his petition for declaratory judgment relating to ownership of certain real property. We do not reach the merits of Wiseley's arguments at this time and order rebriefing.

Arkansas Supreme Court Rule 4-2(a)(6) provides:

The appellant's brief shall contain a concise statement of the case and the facts without argument. The statement shall identify and discuss all material factual and procedural information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal. All material information must be supported by citations to the pages of the appellate record where the information can be found.

Wiseley's statement of the case is not compliant with Rule 4-2(a)(6) because he has injected arguments and conclusory declarations throughout the statement. For example, Wiseley's statement of the case makes the following assertions: "Appellee should be estopped from claiming a right to possess and sell the property as part of the Estate of George Andrew Coiner[,]" and "The Agreement

is evidence not only by the above-described conveyance but also by [Wiseley's] and the decedent's performance of the Agreement." Indeed, nearly the entire statement of the case is composed of conclusory statements, such as "[Wiseley] has the right to possess the property . . ." followed by the evidence that aims to prove the aforementioned conclusory statement: "this is evidenced by. . . ." Further, in the order appealed from, the circuit court found "that there is no property in the 20570 Coiner Trust because the deed that purports to transfer the property into the trust does not do so." Despite the court's finding, Wiseley's statement of the case begins by stating affirmatively that "[t]he property is an asset of the 20570 Coiner Trust." This statement is not factual and is a question at the heart of the issues on appeal. Because the statement of the case is rife with argument, it violates our rules.

Wiseley has failed to provide a compliant statement of the case and factual information necessary to understand the case and decide the issues on appeal. Because of the mandatory language used by the supreme court in Rule 4-2, we cannot overlook the failure to comply with the rule. Accordingly, we order Wiseley to file a substituted brief curing any deficiencies within thirty days from the date of this opinion. The list of deficiencies we have noted is not to be taken as exhaustive, and we encourage Wiseley's counsel to carefully examine the record and review our rules before resubmitting a brief. Upon the filing of a substituted brief, Coiner will have thirty days from that date to file a substituted appellee brief.

Rebriefing ordered.

TUCKER and WOOD, JJ., agree.

*Hearthstone Law, PLLC*, by: *Kevin J. Wallace*, for appellant.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups*, for appellee.