Cite as 2025 Ark. App. 239

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-579

| | | |
|---|---|---|
| | | **Opinion Delivered** April 16, 2025 |
| JASPER WISELEY | | |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| V. | | [NO. 04PR-21-884] |
| | | |
| WARREN COINER | | HONORABLE CHRISTINE HORWART, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Jasper Wiseley appeals the order of the Benton County Circuit Court denying his petition for declaratory judgment relating to ownership of certain real property.[1] On appeal, he argues that (1) the circuit court erred in finding there is no property in the 20570 Coiner Trust; (2) the circuit court's finding that there was a lack of consideration between Jasper and the decedent, George Coiner, is immaterial; (3) the parties' performance removed the case from the statute of frauds; and (4) the warranty deed should be reformed to conform to the parties' intentions. We affirm.

George died intestate on May 20, 2021. On September 2, 2021, Warren Coiner, the decedent's brother, filed a petition for administration of George's estate and for appointment of

---

[1]We previously ordered rebriefing to cure deficiencies in the statement of the case. *See Wiseley v. Coiner*, 2025 Ark. App. 53. The deficiencies have been remedied.

personal representative. The petition stated that the appointment of a personal representative was primarily for the purpose of selling real estate located at 20570 U.S. 62 Highway, Gateway, Arkansas. On September 3, an order probating the estate and appointing Warren administrator of George's estate was entered.

On December 29, Warren, as administrator of George's estate, filed a petition for authority to sell real property. The petition provided the following legal description of the real property:

> A part of the NW ¼ of the SE ¼ and a part of the SW ¼ of the SE ¼, with all being in Section 14, Township 21 North, Range 28 West, in Benton County, Arkansas and being more particularly described as follows to wit: Beginning at a point located 1098.69 feet South of the Northeast Corner of the NW ¼ of the SE ¼ of said described Section 14; thence South 450.50 feet to a point on the northerly right-of-way line of U.S. Highway No. 62; thence North 56 degrees 55 minutes 30 seconds west 326.81 feet along said Highway right-of-way line; thence leaving said Highway right-of-way line North 17 degrees 19 minutes 42 seconds East 311.83 feet; thence South 81 degrees 58 minutes 04 seconds East 182.85 feet to the point of beginning.

The petition stated that the described real property has an approximate value of $259,000 and an existing mortgage lien of approximately $130,000.

On January 17, 2022, Jasper filed a demand for notice as the successor in interest of the real property identified in Warren's petition for authority to sell real property. Jasper then filed a petition for declaratory judgment on March 6, 2023. In his declaratory-judgment petition, Jasper claimed that the property is an asset of the 20570 Coiner Trust ("Trust") executed on May 1, 2020. The legal description of the Trust asset is stated as:

> PT NW SE & PT SW SE 1098'S NE/C NW SE S450' TO HWY 62 N56*W326'
> N17*E311' S81*E182' TO POB

The Trust identified George himself as the 100 percent beneficiary, and nonparty Rita Behne was named trustee of the Trust. That same day, George signed an "Assignment and Quitclaim of

2

Beneficial Interest in Land Trust," assigning 100 percent of his interest in the Trust to Behne. Also, that same day, Behne executed an assignment and quitclaim of beneficial interest in land trust, relinquishing 100 percent of her interest in the Trust to Jasper.

At the April 12, 2023, hearing, the court heard testimony from Jasper; Jasper's brother, Anthony Wiseley ("Tony"); and Behne. Following the evidentiary hearing, the circuit court found that there is no evidence of consideration between Jasper and George that would create a contract in which George would convey the property to Jasper. The court noted there was significant contradiction in the testimony of Jasper and Tony regarding timing issues, as well as credibility issues with Behne. The court further found the following:

> But, quite frankly, the biggest problem with this case is the deed attached to the Declaration of Trust and Land Trust Agreement as Exhibit A. And this is Exhibit A of the Wiseley petitioner's exhibit. And, quite frankly, there's no - - there's no state, there's no county, there's no city, there is - - even when compared to the actual deed of the property, it's not even close. You have no idea what property this references.
>
> So for you to be a beneficiary of this trust, you'd be entitled to all of the property in the trust, but based upon the evidence presented, there is no property in the trust because this deed that purports to transfer the property into the trust doesn't do so. It doesn't say - - it doesn't nearly come to the level that needs to be reached to convey that property into the trust to give you any argument that it's yours, Mr. Wiseley. Your request for declaratory relief is denied because there's nothing in the trust to convey to you.

Thus, the court found that the real property at issue remained in George's estate to be distributed by a future court order. Jasper appealed.

3

On appeal, probate matters are reviewed de novo.[2]  However, we will not reverse the circuit court's findings of fact unless they are clearly erroneous.[3]  A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made.[4]  This court must also defer to the superior position of the lower court sitting in a probate matter to weigh the credibility of the witnesses.[5]  However, our appellate courts do not defer to the circuit court on questions of law.[6]  The circuit court, in the exercise of its jurisdiction to administer the estates of decedents, is authorized to determine what property belongs to the estate.[7]

The effectiveness of the Trust is the central issue in this case.  Jasper argues that the real property at issue was conveyed to the Trust, and by way of the Trust, he was assigned full interest in the Trust assets.  The question is whether the property was effectively transferred to the Trust.

Our courts have held that the description in a deed is void where it is so vague and indefinite that it in no way identifies the land.[8]  A description of land is sufficient if the descriptive words in the deed furnish a key to identifying the land conveyed.[9]  A deed is not void for uncertainty if the land

---

[2]*Lynchard v. Parks*, 2025 Ark. App. 69, 705 S.W.3d 508.

[3]*Id.*

[4]*Id.*

[5]*Wilson v. Kolterman ex rel. Kolterman*, 2024 Ark. App. 376, 692 S.W.3d 380.

[6]*Id.*

[7]*In re Est. of Kemp*, 2014 Ark. App. 160.

[8]*Mobley v. Evans*, 2009 Ark. App. 348, 308 S.W.3d 165.
[9]*Id.*

can be located by the description used.[10] Our courts have held that a "part" description or an indefinite description conveys no title.[11]

The declaration of trust and land agreement identifies the trust asset as:

PT NW SE & PT SW SE 1098'S NE/C NW SE S450' TO HWY 62 N56*W326' N17*E311' S81*E182' TO POB

The warranty deed attached to the declaration of trust also contains the above property description. Here, the description provided in the Trust renders it impossible to locate the land or specifically identify the property. The description does not identify the city, the county, or even the state where the property lies. Arkansas law requires that the legal description of property must sufficiently describe a particular tract or property to convey title.[12] Because the property description is woefully insufficient and fails to identify a property certain, no property was transferred to the Trust. Even if Jasper, via Behne's assignment, is entitled to all the property in the Trust, there is no property in the Trust to be conveyed.

Jasper next claims an interest in the property at issue, asserting there is an enforceable oral contract to transfer the property. An oral contract for the sale of real property is barred by the statute of frauds.[13] To remove an oral agreement from the statute of frauds, there must be clear and convincing proof as to the making of the oral contract and its performance.[14] Without consideration,

---

[10]*Id.*

[11]*Id.* (citing *Browning v. Hicks*, 243 Ark. 394, 420 S.W.2d 545 (1967)).

[12]*See id.*

[13]*Cobb v. Leyendecker*, 89 Ark. App. 167, 200 S.W.3d 924 (2005).

[14]*Pfeifer v. Raper*, 253 Ark. 438, 486 S.W.2d 524 (1972).

there is no contract.[15] On this point, Jasper argues that Tony and George had an oral agreement that should be enforced.

Tony testified that, because of financial difficulties, George approached him because "he knew [Tony] was into real estate and bought and sold properties." To prevent foreclosure of the disputed property, George and Tony agreed that Tony would catch up the mortgage payments and that Tony would "own the property from that day forward." Tony stated that, for years, he and George never got around to the "paperwork" but instead had a "gentlemen deal." According to Tony, years after the oral agreement, when George's health began to decline, George pushed to handle the agreement properly to protect Tony, and that is when the Trust and the assignments were executed.

Tony testified that he lived on the property for approximately five years prior to the creation of the Trust. He stated that he took possession of the property, made the mortgage payments, made improvements to the property, and lived there for "awhile." Tony explained that, at some point, he moved out, and Jasper moved in. Tony testified that he claims no financial interest in the disputed property.

Jasper does not assert that an oral contract for the conveyance of the property exists between him and George. Instead, he relies on the alleged oral contract between George and Tony. Tony is not a party to this appeal and claims no future interest in the property. Arkansas appellate courts have consistently held that one party to an action lacks standing to raise an argument on behalf of a party that has not appealed.[16] A narrow exception exists only where the issue presented to the court

[15]*Capel v. Allstate Ins. Co.*, 78 Ark. App. 27, 77 S.W.3d 533 (2002).
[16]*Reagan v. Dodson*, 2016 Ark. App. 598, 509 S.W.3d 654.

would not otherwise be susceptible to judicial review, and it appears that the third party is sufficiently interested in the outcome that the rights of the other party would be vigorously asserted and, thus, adequately represented.[17] Jasper makes no argument that this very narrow exception applies here; therefore, he lacks standing to assert the enforceability of the alleged oral contract between Tony and George.

Furthermore, there is no evidence of an oral contract between Jasper and George. We note that Jasper fails to challenge the circuit court's finding that there was no evidence of consideration between Jasper and George sufficient to convey the property. By his own testimony, Jasper conceded that he did not pay George any money related to the property. Instead, Jasper asserts that the finding is "immaterial" because the property was conveyed to the Trust. However, as discussed above, we affirm the circuit court's finding that the property description was insufficient to convey the property to the Trust.

Jasper also argues that, to the extent the Trust is defective because of an insufficient description of the property, it should be enforced because evidence supplies proof of the proper description. In support, Jasper relies on *McKim v. McLiney*,[18] which provides that even though a written contract is defective because of an insufficient description of property, it will still be enforced in equity if it is established that the case is taken out of the statute of frauds and evidence supplies proof of the proper description. Again, this argument is ineffective because we hold that the case is

---

[17]*Id.*

[18]250 Ark. 423, 465 S.W.2d 911 (1971).

7

not removed from the statute of frauds since there is no clear and convincing evidence of an enforceable oral contract.

For argument's sake, assuming there was clear and convincing evidence of an oral agreement between George and Tony, performance must also be proved by clear and convincing evidence to remove the agreement from the statute of frauds.[19] Partial performance of a contract by payment of a part of the purchase price and placing a buyer in possession of land pursuant to an agreement of sale and purchase is sufficient to take the contract out of the statute of frauds.[20] In order for possession to be sufficient, it must be solely referable to the oral agreement.[21] Here, Tony testified that he and George agreed that Tony would pay the remainder of the property's mortgage payments in exchange for George's conveyance of the property to Tony. Tony testified that he took possession of the property and lived there for approximately five years before the execution of the Trust in May 2020. Although Tony initially stated that he began making mortgage payments on the property five years before the Trust was created, he later acknowledged that, according to his bank statements, his first mortgage payment on the property was not made until March 2019, years after he began living on the property. Hence, because his possession predated the assumption of mortgage payments, the evidence demonstrates that Tony's possession of the property was not solely referable to his alleged oral agreement to take over the payments on the property.

---

[19]*See Capel*, *supra*.

[20]*Johnston v. Curtis*, 70 Ark. App. 195, 16 S.W.3d 283 (2000).

[21]*French v. Castleberry*, 238 Ark. 1038, 386 S.W.2d 482 (1965).

Finally, Jasper argues that the deed conveying the disputed property to the Trust should be reformed to conform to the intentions of the parties. Because Jasper raises this reformation argument for the first time on appeal, it is not preserved for review.[22]

In summary, the legal description of the property was insufficient to transfer it to the Trust. Therefore, even if Jasper was entitled to all property in the Trust, there were no Trust assets for him to claim. Moreover, there was no evidence of an oral contract between Jasper and George, nor was the alleged oral contract between George and Tony removed from the statute of frauds.

Accordingly, we affirm the circuit court's denial of Jasper's request for declaratory relief and finding that the disputed property remained in George's estate.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Hearthstone Law, PLLC*, by: *Kevin J. Wallace*, for appellant.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups*, for appellee.

---

[22]*See Smith v. Com. Metals, Co.*, 2011 Ark. App. 218, 382 S.W.3d 764.